MARC M. SELTZER (54534)
mseltzer@susmangodfrey.com
KATHRYN P. HOEK (219247)
khoek@susmangodfrey.com
STEVEN G. SKLAVER (237612)
ssklaver@susmangodfrey.com
AMANDA BONN (270891)
abonn@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Telephone: (310) 789-3100
Fax: (310) 789-3150

*Attorneys for Defendant Alta-Dena Certified Dairy, LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| JUAN PEREZ, on behalf of himself and those similarly situated, | Civil Action No. CV13-04335-CAS (CJCx) |
| Plaintiffs, | **CLASS ACTION** |
| v. | **NOTICE OF RELATED CASES** |
| ALTA-DENA CERTIFIED DAIRY, LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive, | [Local Rule 83-1.3.1] |
| | [Los Angeles Superior Court Case No. BC509036] |
| Defendants. | |

2722650v1/013775

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO THE PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, pursuant to Local Rule 83-1.3.1, Defendant Alta-Dena Certified Dairy, LLC ("Alta-Dena") hereby respectfully submits that the above-entitled action is related to the following three actions: (1) *Steven M. Ikeda et al. v. Alta-Dena Certified Dairy, LLC*, Case No. CV 12-03034 R (FFMx), (2) *de la Cueva v. Alta-Dena Certified Dairy, LLC, et al.*, Case No. CV 12-01804 GHK (CWx), and (3) *Parker v. Dean Transportation, Inc., et al.*, Case No. CV 13-02621 BRO (VBKx).

1. Defendant Alta-Dena submits that this case is related to the above three actions because they (a) arise from the same or closely related transactions, happenings or events, and (b) call for determination of the same or substantially related questions of law and fact, as described below.

**I.   *Ikeda v. Alta-Dena Certified Dairy, LLC, et al.*, No. CV 12-03034 R (FFMx).**

2. The *Ikeda* case was first removed to this Court on November 21, 2011, under the caption *Steven M. Ikeda v. Swiss II, LLC*, Case No. CV 11-9686 R (FFMx) and was eventually assigned to the calendar of the Honorable Manuel L. Real, United States District Judge.

3. Following removal, the plaintiff, Mr. Steven M. Ikeda ("Ikeda"), filed a first amended complaint, adding four additional named plaintiffs and naming Alta-Dena Certified Dairy, LLC as a defendant. *See* Dkt. No. 20.

4. The five plaintiffs in the *Ikeda* action asserted claims against Alta-Dena for missed meal and rest breaks and related claims arising under California law.

5. After Mr. Ikeda filed his first amended complaint, the court remanded the action on April 2, 2012, rejecting the original stated grounds for removal—federal question jurisdiction. Immediately following remand, Alta-Dena removed

the case to this Court again on April 6, 2012, asserting that the first amended complaint was removable based on this Court's diversity jurisdiction. Upon this second removal, the action was captioned *Steven M. Ikeda, et al. v. Alta-Dena Certified Dairy, LLC*, Case No. CV 12-03034 R (FFMx) and was determined to be related to the case as originally removed, *Steven M. Ikeda v. Swiss II, LLC*, Case No. CV 11-9686 R (FFMx).

6. After Alta-Dena's removal, the plaintiffs in *Ikeda* moved to remand the case, and Alta-Dena moved to dismiss the first amended complaint. Judge Real expended considerable time and effort in adjudicating both motions, ultimately denying the motion to remand and granting the motion to dismiss with prejudice. Plaintiff appealed both orders to the Ninth Circuit, where the case is now pending.

7. The instant case is a putative class action filed by Juan Perez ("Perez"), a former employee of Alta-Dena like the plaintiffs in *Ikeda*. Perez asserts claims against Alta-Dena for failure to provide meal and rest breaks in accordance with California law, and related claims arising under California law.

8. Both this case and the *Ikeda* case are putative class actions alleging claims for missed meal and rest breaks under California law.

9. The defendant, Alta-Dena Certified Dairy, LLC, is the same in both cases.

10. Both cases are likely to involve substantially similar questions of fact in terms of meal and rest break policies and practices, and could also have overlapping witnesses, including drivers, supervisors, and managers.

11. Therefore, these two cases arise from related transactions, happenings, events, or occurrences.

12. Moreover, these two cases are likely to include substantially similar questions of fact and law, including at least: (a) the nature of the meal and rest break policies at issue, (b) whether such meal and rest break policies and practices complied with the law, and (c) whether class certification is appropriate.

13. In light of the substantial time and effort Judge Real expended in adjudicating two motions to remand and a motion to dismiss in the *Ikeda* case, assigning this case to a different judge would result in substantial duplication of labor.

14. While this case is closely related factually and legally to the *Ikeda* case discussed above, it also may be deemed related to the *de la Cueva* case and/or the *Parker* case discussed below. The *Ikeda* case is the lower-numbered case, because it was initially removed to this Court for the first time in 2011 under the caption *Steven M. Ikeda v. Swiss II, LLC*, Case No. CV 11-9686 R (FFMx).

## II. *de la Cueva v. Alta-Dena Certified Dairy, LLC*, No. CV 12-01804 GHK (CWx).

15. This case may also be deemed related to *de la Cueva v. Alta-Dena Certified Dairy, LLC*, Case No. CV 12-01804 GHK (CWx).

16. The *de la Cueva* case was removed to this Court on March 2, 2012, and was assigned to the calendar of the Honorable George H. King, United States District Judge.

17. The plaintiff, Mr. de la Cueva, like the plaintiff in the instant action, was employed by Alta-Dena and asserted claims against Alta-Dena for missed meal and rest breaks and related claims arising under California law.

18. Indeed, the plaintiff in this case, Mr. Perez, was a putative class member in the *de la Cueva* case and submitted a declaration in support of Mr. de la Cueva's motion for class certification in that case. *See de la Cueva*, No. CV 12-01804, Dkt. No. 46, Ex. M, p. 72.

19. After receiving extensive briefing and hearing argument on the motion for class certification, Chief Judge King ultimately denied the motion for class certification in *de la Cueva*, and explicitly discussed in his decision Mr. Perez's declaration. *See de la Cueva*, No. CV 12-01804, Dkt. No. 61 at 4.

20. Both this case and the *de la Cueva* case were filed as putative class actions alleging claims for missed meal and rest breaks under California law.

21. Both cases involve a common defendant, Alta-Dena Certified Dairy, LLC.

22. Both cases are likely to involve substantially similar questions of fact in terms of the meal and rest break policies and practices of Alta-Dena, and will involve overlapping witnesses, including drivers, supervisors, and managers.

23. Therefore, these two cases arise from related transactions, happenings, events, or occurrences.

24. Moreover, these two cases necessarily include substantially similar questions of fact and law, including at least: (a) the nature of the meal and rest break policies at issue, (b) whether such meal and rest break policies and practices complied with the law, and (c) whether class certification is appropriate.

25. In light of the substantial time and effort Judge King expended in adjudicating the motion for class certification in the *de la Cueva* case, among other motions, assigning this case to a judge who is not familiar with the facts, the claims, or the parties in this action would result in substantial duplication of labor.

### III. *Parker v. Dean Transportation, Inc., et al.*, Case No. CV 13-02621 BRO (VBKx)

26. This case may also be deemed related to *Parker v. Dean Transportation, Inc., et al.*, Case No. CV 13-02621 BRO (VBKx).

27. The *Parker* case was removed to this Court on April 15, 2013, and was assigned to the calendar of the Honorable Beverly Reid O'Connell, United States District Judge.

28. The plaintiff, Mr. Parker, was employed as a driver by Dean Foods of Southern California, LLC (dba Heartland Farms) ("Heartland") and by another Dean Foods subsidiary called Dean Transportation, Inc. ("DTI"). Effective January 1, 2013, Plaintiff's former employer Heartland merged with and into Alta-Dena,

another Dean Foods subsidiary. Although Parker never was employed by Alta-Dena, he has amended his complaint to include Alta-Dena as a defendant. *See Parker*, No. CV 13-02621, Dkt. No. 25.

29. Before filing the *Parker* action, Mr. Parker sought to insert himself as a named plaintiff in the *de la Cueva* action discussed above. *See de la Cueva*, No. CV 12-01804, Dkt. No. 41.

30. Like the plaintiff in the instant action, Mr. Parker asserts claims against Alta-Dena (and other defendants) for missed meal and rest breaks and related claims arising under California law.

31. Both this case and the *Parker* case are putative class actions alleging claims for missed meal and rest breaks under California law.

32. Both actions involve a common defendant, Alta-Dena Certified Dairy, LLC.

33. Both cases are likely to involve substantially similar questions of fact in terms of the meal and rest break policies and practices at issue, and may also involve overlapping witnesses, including drivers, supervisors, and managers.

34. Therefore, these two cases arise from related transactions, happenings, events, or occurrences.

35. Moreover, these two cases are likely to involve substantially similar questions of fact and law, including at least: (a) the nature of the meal and rest break policies at issue, (b) whether such meal and rest break policies and practices complied with the law, and (c) whether class certification is appropriate.

36. Parker has filed a motion to remand, and the defendants have filed a motion to dismiss.

37. In light of the substantial time and effort Judge O'Connell will expend in adjudicating the pending motions in the *Parker* case, assigning this case to a judge who is not familiar with any of the facts, the claims, or the parties involved in this case would result in substantial duplication of labor.

| | |
|---|---|
| Dated: June 17, 2013 | MARC M. SELTZER<br>KATHRYN P. HOEK<br>STEVEN G. SKLAVER<br>AMANDA BONN<br>SUSMAN GODFREY L.L.P.<br><br>By: *Kathryn P. Hoek*<br>　　　KATHRYN P. HOEK<br>　　　Attorneys for Defendant<br>　　　Alta-Dena Certified Dairy, LLC |

# PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1901 Avenue of the Stars, Suite 950, Los Angeles, California 90067-6029.

On June 17, 2013, I served the foregoing document(s) described as follows:

**NOTICE OF RELATED CASES**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached service list, as follows:

XX   BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____ BY PERSONAL SERVICE: I caused to be delivered such envelope by hand to the offices of the addressee.

_____ BY FEDERAL EXPRESS OR OVERNIGHT COURIER

_____ BY TELECOPIER

XX   BY ELECTRONIC MAIL: I caused said documents to be prepared in portable document format (PDF) for e-mailing and served by electronic mail as indicated on the attached service list.

Executed on June 17, 2013, at Los Angeles, California

XX   (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

M.F. Williams
(Type or Print Name)          (Signature)

2722650v1/013775                    7

## SERVICE LIST

***Attorneys for Plaintiff Juan Perez***

Timothy B. McCaffrey, Jr.
Natasha Chesler
THE LAW OFFICES OF TIMOTHY B. MCCAFFREY, JR.
A Professional Corporation
11377 West Olympic Boulevard, Suite 500
Los Angeles, California 90064-1683
Telephone: (310)882-6407
Facsimile: (310)882-6359
Email: tmccaffrey@tbmlaw.net
Email: nchesler@tbmlaw.net