1   MARC M. SELTZER (54534)
    mseltzer@susmangodfrey.com
2   KATHRYN P. HOEK (219247)
    khoek@susmangodfrey.com
3   STEVEN G. SKLAVER (237612)
    ssklaver@susmangodfrey.com
4   AMANDA BONN (270891)
    abonn@susmangodfrey.com
5   SUSMAN GODFREY L.L.P.
    1901 Avenue of the Stars, Suite 950
6   Los Angeles, CA 90067
    Telephone:  (310) 789-3100
7   Fax:  (310) 789-3150

8   *Attorneys for Defendant Alta-Dena Certified Dairy, LLC*

9

10

11              **UNITED STATES DISTRICT COURT**

12             **CENTRAL DISTRICT OF CALIFORNIA**

13

14                  **WESTERN DIVISION**

15   JUAN PEREZ, on behalf of himself and        Case No. CV 13-04335 R (FFMx)
     those similarly situated,
16                                               **CLASS ACTION**
                      Plaintiffs,
17                                               **MEMORANDUM OF POINTS
          v.                                     AND AUTHORITIES IN
18                                               SUPPORT OF DEFENDANT
     ALTA-DENA CERTIFIED DAIRY,                  ALTA-DENA CERTIFIED DAIRY,
19   LLC, a Delaware Limited Liability           LLC'S MOTION TO DISMISS
     Company; and DOES 1 through 10,             PLAINTIFF'S COMPLAINT
20   inclusive,                                  PURSUANT TO FED. R. CIV. P.
                                                 12(b)(6) OR TO STRIKE
21                    Defendants.                PURSUANT TO FED. R. CIV. P.
                                                 12(f)**
22
                                                 Date:  August 5, 2013
23
                                                 Time:  10:00 AM
24
                                                 Place:  Courtroom of the
25                                                        Hon. Manuel L. Real,
                                                          Courtroom 8 – Spring St.
26

27

28

2773043v1/013775

# TABLE OF CONTENTS

Page

I.    INTRODUCTION .................................................................. 1

II.   PROCEDURAL AND FACTUAL HISTORY ........................................... 4

      A.    Procedural Background .................................................... 4

      B.    Summary of the Complaint ................................................ 5

III.  LEGAL STANDARD ............................................................... 6

IV.   PLAINTIFF'S COMPLAINT FAILS TO ALLEGE FACTS THAT
      PLAUSIBLY GIVE RISE TO THE CLAIMS. ......................................... 8

      A.    Plaintiff's Meal and Rest Break Claims Fail. ............................. 9

      B.    Plaintiff's "Clawed-Back" Wages and Minimum Wage and
            Overtime Claims Fail. ................................................... 13

      C.    Plaintiff's "Waiting-Time" Claim Fails. ................................. 13

      D.    Plaintiffs' Record-Keeping Claims Fail. ................................ 14

      E.    There Are No Facts Alleged to Support Plaintiffs' UCL Claim. ........... 15

      F.    There Are No Facts Alleged to Support Plaintiff's PAGA Claim. .......... 15

V.    PLAINTIFF'S PENALTY CLAIMS ALSO ARE TIME-BARRED. ...................... 15

      A.    Plaintiff's Penalty Claims on Behalf of Himself and the Putative
            Class Are Time-Barred .................................................. 17

      B.    Plaintiff's PAGA claims must be dismissed in their entirety. ........... 18

VI.   CONCLUSION .................................................................. 21

# TABLE OF AUTHORITIES

## CASES

*A&T Siding, Inc. v. Capitol Specialty Ins. Corp.*,
No. 3:10–CV–980–AC 2012 WL 707100 (D. Or. Mar. 1, 2012) ..................... 8

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) ........................... 2, 7, 8

*Balistreri v. Pacifica Police Dept.*,
901 F.2d 696 (9th Cir. 1990) ............................................................. 6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ..........................passim

*Brinker Restaurant Corp. v. Super. Ct.*,
53 Cal. 4th 1004, 139 Cal.Rptr.3d 315 (Cal. 2012) ..................................9, 10

*Brisos v. Wells Fargo Bank*,
737 F. Supp. 2d 1018 (N.D. Cal. 2010)............................................... 15

*Clegg v. Cult Awareness Network*,
18 F.3d 752 (9th Cir. 1994) ................................................................7

*Cueva v. Alta-Dena Certified Dairy, LLC,*,
Case No. CV 12-01804 GHK (CWx)......................................................1

*De Simas v. Big Lots Stores, Inc.*,
No. 06-6614 SI, 2007 WL 686638 (N.D. Cal. March 2, 2007) ................ 19, 20

Harding v. Time Warner,
No. CV 09-1212, 2009 WL 2575898 (S.D. Cal. 2009)............................... 15

*Hill v. Opus Corp.*,
841 F. Supp. 2d 1070 (C.D. Cal. 2011) ...................................................8

*Jeske v. Maxim Healthcare Servs., Inc.*,
No. 11-1838 LJO JLT, 2012 WL 78242 (E.D. Cal. Jan. 10, 2012) .......... 12, 14

*Jimenez v. Allstate Ins. Co.*,
No. 10-8486 AHM (FFMx), 2011 WL 61611 (C.D. Cal. Jan. 7,
2011)........................................................................................3, 12, 14

*Kemp v. Int'l Bus. Machines Corp.*,
No. 09-4683 MHP, 2010 WL 4698490 (N.D. Cal. Nov. 8, 2010).................. 14

*McKenzie v. Fed. Exp. Corp.*,
765 F. Supp. 2d 1222 (C.D. Cal. 2011)............................................... 20

*Nguyen v. Baxter Healthcare Corp.*,
No. 10-cv-01436-CJC (SSx), 2011 WL 6018284(C.D. Cal. Nov.
28, 2011).................................................................................... 17

*Porch v. Masterfoods, USA*,
685 F. Supp. 2d 1058(C.D. Cal. 2008),...................................................2

*Rhoades v. Progressive Cas. Ins. Co.*,
No. 10-cv-0763-GEB-KJN, 2011 WL 397657 (Feb. 3, 2011)..................... 14

*Robertson v. Dodson*,
54 Cal. App. 2d 661, 129 P.2d 726 (Cal. Ct. App. 1942) ................. 10

*Rojas v. Brinderson Constructors, Inc.*,
   567 F. Supp. 2d 1205 (C.D. Cal. 2008)............................................................3

*Schneider v. Space Sys./Loral, Inc.*,
   No. 11-02489-JF, 2011 WL 4344232 (N.D. Cal. Sept. 15, 2011) ..................13

*Solis v. City of Fresno*,
   No. 11-CV-00053 AWI GSA, 2012 WL 868681 (E.D. Cal. March
   13, 2012)........................................................................................................11

*Thomas v. Home Depot USA Inc.*,
   527 F. Supp. 2d 1003 (N.D. Cal. 2007).....................................................8, 20

*Vernon v. Heckler*,
   811 F.2d 1274 (9th Cir. 1987) .........................................................................7

*Wasco Prods., Inc. v. Southwall Techs., Inc.*,
   435 F.3d 989 (9th Cir. 2006) ...........................................................................7

*Weigele v. FedEx Ground Package Sys., Inc.*,
   No. 06-CV-1330 JLS (POR), 2010 WL 4723673 (S.D. Cal. Nov.
   15, 2010).........................................................................................................12

*Whittlestone v. Handi-Craft Co.*,
   618 F.3d 970 (9th Cir. 2010) ...........................................................................7

*Yanira v. Fernandez*,
   No. C-08-05721 RMW, 2011 WL 4101266 (N.D. Cal. Sept. 8,
   2011) ...............................................................................................................18

STATUTES

Cal. Bus. & Prof. Code § 17200 .................................................................6, 15

Cal. Code Civ. P. § 340 ............................................................................17, 18

Cal. Labor Code §§ 201-04 ..........................................................................5, 20

Cal. Labor Code § 202 .......................................................................................20

Cal. Labor Code § 203 .........................................................................15, 16, 20

Cal. Labor Code § 203(b) ...................................................................................16

Cal. Labor Code § 210 ................................................................................passim

Cal. Labor Code § 210(a) ...................................................................................16

Cal. Labor Code § 218.6 ....................................................................................16

Cal. Labor Code §§ 221-224 ...........................................................................6, 13

Cal. Labor Code § 225.5 .............................................................................passim

Cal. Labor Code § 226 ................................................................................passim

Cal. Labor Code § 226(e) ...........................................................................passim

Cal. Labor Code § 226.3 .............................................................................passim

Cal. Labor Code § 226.4 .............................................................................passim

Cal. Labor Code § 226.7 ..........................................................................3, 5, 20

Cal. Labor Code § 226.7(b) .................................................................................9

Cal. Labor Code § 510 ........................................................................................5

Cal. Labor Code § 511 ...................................................................................5

Cal. Labor Code § 512 ................................................................................3, 5

Cal. Labor Code § 558 ..........................................................................passim

Cal. Labor Code § 1182.12 ...........................................................................4

Cal. Labor Code § 1194 ................................................................................5

Cal. Labor Code § 1194(a) .........................................................................16

Cal. Labor Code § 2699 ..............................................................................16

Cal. Labor Code § 2699(a) ....................................................................18, 19

Cal. Labor Code § 2699(f) ...............................................................17, 19, 20

Cal. Labor Code § 2699(f)(1)-(2) ...............................................................19

Cal. Labor Code § 2699.5 ...........................................................................20

Cal. Labor Code §§ 2698-2699 ....................................................................6

TREATISES

5 Wright & Miller,
    Fed. Practice & Proc. § 1202 (3d ed. 2004) ...........................................7

1    Defendant Alta-Dena Certified Dairy, LLC ("Alta-Dena") respectfully
2  submits the following memorandum of points and authorities in support of its Rule
3  12(b)(6) motion to dismiss, or in the alternative 12(f) motion to strike, Plaintiff's
4  Complaint.

5  **I.    INTRODUCTION**

6    Plaintiff brought this case after unsuccessfully trying to substitute himself as
7  a named plaintiff in a prior case pending against Alta-Dena for missed meal and
8  rest breaks and other related claims arising under California law.  That case, *de la*
9  *Cueva v. Alta-Dena Certified Dairy, LLC*, Case No. CV 12-01804 GHK (CWx)
10 ("*de la Cueva* Action"), also is pending in this Court, before Chief Judge King—
11 who recently denied class certification.  *See id.* May 19, 2013 Order (Dkt. 61).
12 Shortly thereafter, Plaintiff filed this case against Alta-Dena asserting similar
13 claims on behalf of himself and a putative class of drivers.  Alta-Dena asserts two
14 grounds for dismissing Plaintiff's claims with prejudice.

15   First, Plaintiff's entire complaint should be dismissed on the basis that it
16 contains nothing more than threadbare allegations that fail to pass muster under
17 *Twombly*.  Notably absent are specific factual allegations plausibly giving rise to
18 claims that Alta-Dena failed to provide Plaintiffs (or putative class members) with
19 any required meal or rest breaks.  In fact, the only <u>factual</u> matter contained
20 anywhere in the Complaint consists of four paragraphs—<u>all of which are alleged on</u>
21 <u>information and belief</u>:

22        • Paragraph 7 stating that "Alta Dena failed to authorize and/or permit
23          Mr. Perez (and similarly situated drivers) with legally compliant meal
24          and/or rest break(s), which further resulted in other California Labor
25          Code violations - all of which Mr. Perez suffered to his detriment."

26        • Paragraph 14 generically describing Alta-Dena's alleged policies and
27          practices regarding meal and rest breaks.

28                                    1

1    • Paragraph 15 generically describing Alta-Dena's alleged practice of

2       automatically deducting 30 minutes of pay from drivers for taking

3       their unpaid meal break, which is unquestionably lawful. *See Porch v.*

4       *Masterfoods, USA*, 685 F. Supp. 2d 1058, 1074 (C.D. Cal. 2008), *aff'd*,

5       364 F. App'x 365 (9th Cir. 2010) (granting summary judgment for

6       employer because auto-deduct policy and requiring employees to take

7       a lunch is lawful under California law).

8    • Paragraph 16 alleging that Alta-Dena was aware of the alleged

9       violations.

10   The remainder of the Complaint consists entirely of naked legal assertions and

11   recitals of the statutory elements for each cause of action.

12       In recent years, the Supreme Court has made clear that, to survive a motion

13   to dismiss, a complaint must plead "more than an undadorned, the-defendant-

14   unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.

15   Ct. 1937, 173 L.Ed.2d 868 (2009). A complaint that includes only "labels and

16   conclusions" or "a formulaic recitation of the elements of a cause of action will not

17   do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d

18   929 (2007). In *Twombly*, the Supreme Court held that absent sufficiently specific

19   factual allegations showing that, taken as true, class members were plausibly

20   entitled to the relief sought, boilerplate recitations of the elements of a cause of

21   actions and bare conclusions of class-wide harm were insufficient to survive a

22   motion to dismiss. *Twombly*, 550 U.S. at 557. In *Iqbal*, the Supreme Court held

23   that the plaintiff's allegations were little more than naked assertions and formulaic

24   recitations of the law and, thus, did not plead sufficient <u>facts</u> to make the claim for

25   relief plausible on its face. *Iqbal*, 129 S.Ct. at 1951.

26       Yet Plaintiff's Complaint does precisely what *Twombly* and *Iqbal* preclude—

27   it relies on naked <u>legal</u> assertions of the "defendant-unlawfully-harmed-me"

28   variety. For example, Plaintiffs' claim for missed meal breaks consists of such

1    conclusory allegations as: "From at least 2004 to December 31, 2010, Defendant

2    failed to comply with California Labor Code §§ 226.7 and 512 because it did not

3    authorize or permit its drivers two rest periods during a work-day and/or a duty-free

4    meal period after five hours of work, if at all. Nor did Defendant authorize or

5    permit its drivers a second duty-free meal period after 10 and/or 12 hours of work,

6    if at all." (Compl. ¶ 21)   Similarly, Plaintiff's claim that Alta-Dena failed to

7    comply with California's various record-keeping requirements is based on the

8    conclusory assertion that Alta-Dena did not "provide the putative class members

9    with a pay stub that accurately reflected those wages due, the hours worked, the

10   applicable pay rates, or any deductions that were being made." *Id.* ¶ 41.

11       Courts in this district regularly dismiss wage and hour cases, like this one,

12   which contain such perfunctory, non-specific allegations.   *See, e.g.*, *Jimenez v.

13   Allstate Ins. Co.*, No. 10-8486 AHM (FFMx), 2011 WL 61611, at *2 (C.D. Cal.

14   Jan. 7, 2011) (dismissing claim that the defendant "failed to pay meal and rest

15   benefits owed . . . and provided non-compliant wage statements" where the

16   complaint's allegations were "devoid of factual content and consist of conclusory

17   statements and recitations of statutory language"); Order Granting Def.'s Mot. to

18   Dismiss, ECF No. 21 at p. 2-4, *Esquivel v. Performance Food Grp.*, No. 11-cv-

19   07284-JHN-PJWx (C.D. Cal. Nov. 14, 2011) (dismissing meal break claims

20   because "Plaintiffs' bare, conclusory allegations that Defendant did not provide

21   them with off-duty meal breaks or missed meal break pay are not sufficient to state

22   a claim").   *Cf. Rojas v. Brinderson Constructors, Inc.*, 567 F. Supp. 2d 1205, 1209

23   (C.D. Cal. 2008) (dismissing claim that "Defendants were also aware [co-

24   defendant's] workers were not taking second meal periods after working 10 and 12

25   hours in a day" because "Plaintiffs nowhere allege <u>facts</u> . . . to demonstrate that the

26   . . . Defendants knew about the alleged [meal period] violations").   The same result

27   of dismissal ordered in these cited cases is also warranted here.

28

                                            3

1    <u>Second</u>, Plaintiff's claims for civil and statutory penalties pursuant to Cal.

2    Labor Code sections 210, 225.5, 226(e), 226.3, 226.4, and 558 and the Labor Code

3    Private Attorneys General Act of 2004 ("PAGA") are subject to a one-year statute

4    of limitations and therefore are time-barred and should be dismissed with prejudice.

5    Plaintiff alleges that the policies and practices underlying these claims continued

6    "from at least 2005 to **December 31, 2010**." (Compl. ¶¶ 14-15) Plaintiff further

7    alleges that he "is informed and believes that Defendant moved drivers to a

8    different related company on or about January 1, 2011, and that it no longer

9    employs drivers." (*Id.* ¶ 14 n. 1) **Plaintiff filed his Complaint on May 15, 2013,**

10   ***more than a year after* the statute of limitations expired**. Thus, these claims are

11   time-barred and should be dismissed in their entirety.

12   **II.    PROCEDURAL AND FACTUAL HISTORY**

13       **A.    Procedural Background**

14       On May 15, 2013, Juan Perez ("Plaintiff") commenced this action in the

15   Superior Court of the State of California for the County of Los Angeles, entitled

16   *Juan Perez v. Alta Dena Certified Dairy, LLC*, as Case Number BC509036. On

17   June 17, 2013, Alta-Dena timely removed the action to this Court on the basis of

18   diversity and pursuant to the Class Action Fairness Act of 2005 ("CAFA"). Alta-

19   Dena also filed a Notice of Related Case, notifying the Court that the instant case is

20   related to several other cases pending or previously pending before the Court. On

21   June 19, 2013, the case was transferred to the Honorable Manuel L. Real pursuant

22   to General Order 08-05.

23       Before filing this action, Plaintiff (through the same counsel here) sought to

24   participate in another putative class action involving similar claims against Alta-

25   Dena. That action, the *de la Cueva* Action, was brought by the same attorneys here

26   for the Plaintiff on behalf of Miguel de la Cueva, another former driver of Alta-

27

28                                        4

1    Dena, and sought to assert similar claims to those asserted here.[1]  Shortly after the

2    Court denied Mr. de la Cueva's motion for class certification, *see id.* Dkt. 61 (May

3    19, 2013 Order), Plaintiff filed the instant case.

4        **B.    Summary of the Complaint**

5        Plaintiff Juan Perez alleges that he was employed by Alta-Dena as a truck

6    driver since 2005.  (Compl. ¶ 7) Plaintiff brings claims on behalf of himself and a

7    putative class of "[a]ll persons who were employed by Defendant as a 'Driver' for

8    as long as the statutory period will allow (the 'putative class')."  (*Id.* ¶ 8)

9        Plaintiff alleges that Alta-Dena "had a uniform policy and practice" that

10   "failed to authorize and/or permit Mr. Perez (and other similarly situated drivers)

11   with legally compliant meal and/or rest breaks, which further resulted in other

12   California Labor Code violations[.]"  (*Id.* ¶¶ 7, 14)  Plaintiff alleges that he "is

13   informed and believes these policies and/or practices continued from at least 2005

14   to December 31, 2010, . . . [and] applied to all of Defendant's drivers in Southern

15   California."  (*Id.* ¶ 14)  Plaintiff also alleges that "beginning in at least 2005 to at

16   least December 31, 2010, Defendant instituted a practice of automatically deducting

17   30 minutes of work time and, thus, 30 minutes of pay each day from each driver

18   regardless of whether or not the driver actually took a duty free meal period if the

19   driver worked beyond his minimum shift of eight or ten hours."  (*Id.* ¶ 15)

20       Plaintiff brings claims on behalf of himself and the putative class for (1)

21   failure to provide rest periods and meal periods, in violation of Cal. Labor Code §§

22   226.7 and 512; (2) failure to pay statutory minimum wage, straight time, and

23   overtime and "off-the-clock work", in violation of Cal. Labor Code §§ 510, 511,

24   1182.12, and 1194, and the applicable IWC Order; (3) failure to pay all wages

25   earned, in violation of Cal. Labor Code §§ 201-204; (4) "clawing back" earned

26   _____

     [1] See *de la Cueva* Action, Dkt May 9, 2013 Order (No 61) at 4 ("Without citing any
27   authorities, Plaintiff requests that we substitute Juan Perez as the class
     representative in the event we find Plaintiff inadequate. We decline to do so under
28   the facts of this case.")

                                            5

wages or making unauthorized deductions from employees' compensation, in violation of Cal. Labor Code §§ 221-224; (5) failure to provide accurate itemized wage statements, in violation of Cal. Labor Code § 226; and (6) unfair business practices, in violation of Cal. Bus. & Prof. Code §§ 17200, et seq. (*Id*. ¶¶ 20-52)

In addition, Plaintiff brings wage and hour claims on behalf of himself and the putative class under the Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Labor Code §§ 2698-2699, seeking to recover various civil penalties. (Compl. ¶¶ 22, 27, 32-34, and 43)

In his Complaint, Plaintiff fails to allege basic information plausibly giving rise to such claims, including, for example:

- Plaintiff's job duties;
- Plaintiff's work schedule;
- The locations or facilities where Plaintiff worked;
- Plaintiff's practices regarding meal and rest periods;
- The reason why Plaintiff allegedly was denied meal and rest periods and when (e.g., date and location) such denials occured;
- Whether the alleged denial of meal or rest periods was due to a written policy, the decisions of a supervisor, an unwritten corporate practice, or anything else; and
- The facts concerning any such alleged corporate policy, practice, or supervisory decision to deny meal or rest periods.

Notwithstanding his sparse allegations, Plaintiff prays for relief in the form of general damages, compensatory damages, special damages, punitive damages, statutory and civil penalties, pre- and post-judgment interest, attorneys' fees and costs of suit, and equitable relief. (Compl. Prayer For Relief ¶¶ 1-9)

## III.   LEGAL STANDARD

A party may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted if the complaint lacks either (1) a cognizable legal theory or (2) sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (citing Fed. R. Civ. P. 12(b)(6)). To survive a motion to

6

1    dismiss under Rule 12(b)(6), a complaint must include "enough facts to state a
2    claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.   This
3    standard is met only when the plaintiff has pleaded "a statement of circumstances
4    occurrences, and events in support of the claim presented." *Id.* at 556 n.3 (quoting
5    5 Wright & Miller, Fed. Practice & Proc. § 1202 (3d ed. 2004)).   "A claim has
6    facial plausibility when the plaintiff pleads factual content that allows the court to
7    draw the reasonable inference that the defendant is liable for the misconduct
8    alleged." *Iqbal*, 556 U.S. at 661.   "Threadbare recitals of the elements of a cause of
9    action, supported by mere conclusory statements, do not suffice." *Id.* at 663.   In
10   deciding a motion to dismiss, the Court must distinguish between factual
11   allegations and legal assertions.   The Court "is not required to accept legal
12   conclusions cast in the form of factual allegations if those conclusions cannot
13   reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18
14   F.3d 752, 754-55 (9th Cir. 1994).

15       A motion to dismiss based on the statute of limitations is properly granted
16   where "the assertions of the complaint, read with the required liberality, would not
17   permit the plaintiff to prove that the statute was tolled." *Vernon v. Heckler*, 811
18   F.2d 1274, 1278 (9th Cir. 1987).   A plaintiff seeking to rely on tolling as a defense
19   to the statute of limitations "must have included the allegation in their pleadings[.]"
20   *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 991 (9th Cir. 2006)
21   (granting summary judgment on statute of limitations grounds where Plaintiff failed
22   to allege basis for tolling in complaint and noting that "federal courts have
23   repeatedly held that plaintiffs seeking to toll the statute of limitations on various
24   grounds must have included the allegation in their pleadings; this rule applies even
25   where the tolling argument is raised in opposition to summary judgment.")

26       The Ninth Circuit recently clarified that a motion challenging the plaintiff's
27   right to recover certain relief at the pleading stage is properly brought as a Rule
28   12(b)(6) motion and not as a motion to strike under Rule 12(f). *Whittlestone v.*

*Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) (holding motion under Rule 12(f) to strike claim for damages from complaint "was really an attempt to have certain portions of [the] complaint dismissed," an action "better suited for a Rule 12(b)(6) motion"). Several district courts have dismissed requests for relief on such a motion. *See, e.g., Hill v. Opus Corp.*, 841 F. Supp. 2d 1070, 1082 (C.D. Cal. 2011) (granting motion to dismiss state law claims seeking compensation under ERISA-covered plans as being separable from claims seeking compensation under non-covered plans); *Thomas v. Home Depot USA Inc.*, 527 F. Supp. 2d 1003, 1007 (N.D. Cal. 2007) (granting motion to dismiss employee's claim for civil penalties under PAGA as time-barred); No. 3:10–CV–980–AC, 2012 WL 707100, at *10-11 (D. Or. Mar. 1, 2012) (dismissing rather than striking plaintiff's request for punitive damages for being insufficiently pled). However, to the extent this Court disagrees that dismissal is appropriate, Alta-Dena alternatively requests that Plaintiff's claims for penalties under Cal. Labor Code §§ 210, 225.5, 226(e), 226.3, 226.4, and 558 in paragraphs 22, 26, 32, 37, 42 and 43, and claims under PAGA in paragraphs 18, 22, 27, 32, 33 and 43, be stricken under Civil Rule 12(f) as irrelevant to the present litigation.

## IV.   PLAINTIFF'S COMPLAINT FAILS TO ALLEGE FACTS THAT PLAUSIBLY GIVE RISE TO THE CLAIMS.

Plaintiff's Complaint must be dismissed in its entirety because it fails to plead "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Each claim must be dismissed because it fails to plead any facts that would plausibly give rise to the claims asserted. Pleadings like the FAC are precisely what the Supreme Court cautioned against in warning that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 663.

8

## A.   **Plaintiff's Meal and Rest Break Claims Fail.**

Plaintiff's First Cause of Action for missed meal and rest breaks is based on California Labor Code section 226.7(b), which states:

> If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee . . . one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

The California Supreme Court recently has clarified that "[t]he employer satisfies this obligation if it relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30-minute break, and does not impede or discourage them from doing so.  What will suffice may vary from industry to industry . . . ."  *Brinker Restaurant Corp. v. Super. Ct.*, 53 Cal. 4th 1004, 1040, 139 Cal.Rptr.3d 315 (Cal. 2012).  "On the other hand, the employer is not obligated to police meal breaks and ensure no work thereafter is performed."  *Id.*

Plaintiff makes the conclusory assertion that "Defendant had a uniform policy and practice of restricting all drivers' [sic.] during their alleged meal period to remain within a one-mile (or half mile) radius of their designated routes.  Thus, Defendant did not allow Plaintiff or any putative class member duty free meal period(s) as required by the California Labor Code and the applicable Industrial Welfare Commission Wage Orders."  (Compl. ¶ 14)  Plaintiff does not say whether this alleged policy and practice was written or unwritten, formal or informal, or by whom or how often it was enforced; whether or how often Plaintiff and other drivers complied with the alleged policy and practice; and how often the alleged policy and practice resulted in a driver not receiving a duty-free meal period.  Moreover, this policy as alleged relates solely to the *location* of the truck, not the driver.  Plaintiff fails to allege what, if anything, prevented Plaintiff or other drivers from leaving their vehicles to take their eligible meal periods or why taking a full

period one-half mile away from their truck somehow constitutes a violation of the California Labor Code.

Plaintiff alleges that "Defendant's written meal and rest break policy failed to explain that Plaintiff and putative class members were entitled to meal and/or rest breaks at a specific time.  Instead, Defendant's policy was that supervisors would schedule such breaks, but they never did.  And Defendant's policy further included that meal and rest breaks could be combined, thereby also failing to comply with meal and rest break timing requirements." (Compl. ¶ 14)  Again, Plaintiff fails to allege any facts as to whether and how often this alleged policy resulted in an actual violation of the law, or the reasons for that alleged violation.

Plaintiff also alleges that "Plaintiff is further informed and believes that Defendant had a corporate policy and/or practice that did not permit 'drivers' (such as Plaintiff) from taking a meal and/or rest break until a shipment was completed (*i.e.,* driver from Defendant's place of business to another local California delivery destination). . . . This meant that Plaintiff, and other drivers, often went six (6) hours if not longer without a meal and/or rest break." (*Id.*)  Plaintiff does not allege or explain the specifics of this policy, including whether it was written or unwritten, formal or informal, how and by whom it was enforced, or whether and how often it was observed by Plaintiff and other drivers.

Plaintiff alleges that Alta-Dena hid the law from drivers (which is of course impossible) because Alta-Dena did not "inform Plaintiff or the putative class members that they were entitled to a second meal break if they worked over 10 and/or 12 hours in a day (which Plaintiff often did)." (*Id.*)  Plaintiff does not allege any facts as to how often he or other drivers missed second meal breaks for which they were eligible, or the facts and circumstances surrounding those events. In any event, in California, as elsewhere, "[e]veryone is presumed to know the law." *Robertson v. Dodson*, 54 Cal. App. 2d 661, 129 P.2d 726, 728 (Cal. Ct. App. 1942).

1    These conclusory allegations do not give rise to meal and rest break claims
2    on behalf of Plaintiff or the putative class. For example, based on the above
3    allegation, Alta-Dena has no notice of the factual basis for Plaintiff's—much less
4    any other driver's—claim. Plaintiff's Complaint fails to answer the most
5    fundamental factual pleading questions: When was Plaintiff denied meal periods
6    and rest breaks? Which of the above scenarios forms the basis for his missed meal
7    period and rest break claims? What were the facts or circumstances when he was
8    supposedly required to take an "on-duty" meal period, or denied a meal period
9    altogether? What actions did Alta-Dena take that "impede[d] or discourage[d]" him
10   from taking his meal period as is required under *Brinker*?

11   Several of Plaintiff's allegations are pled "on information and belief," which,
12   absent further factual support, are patently insufficient to meet the *Iqbal* and
13   *Twombly* standard. *See, e.g., Solis v. City of Fresno*, No. 11-CV-00053 AWI GSA,
14   2012 WL 868681, at *8 (E.D. Cal. March 13, 2012) ("In the post-Twombly and
15   Iqbal era, pleading on information and belief, without more, is insufficient to
16   survive a motion to dismiss for failure to state a claim.").

17   Courts in this district have dismissed meal break claims pled with
18   substantially more specificity than Plaintiffs' threadbare allegations here. For
19   example, Judge Nguyen recently dismissed meal break claims raised on behalf of a
20   putative class of delivery drivers for failing to include sufficient factual specificity.
21   Order Granting Def.'s Mot. to Dismiss, ECF No. 21 at 2-4, *Esquivel v.*
22   *Performance Food Grp.*, No. 11-cv-07284-JHN-PJWx (C.D. Cal. Nov. 14, 2011)
23   (attached to the Declaration of Steven Sklaver ("Sklaver Decl.") as Exh. 1). In
24   *Esquivel*, the plaintiffs alleged the following in support of their missed meal break
25   claim:

26   - "Defendants employed a routine policy or practice of creating
       delivery routes that exerted significant time pressure on its
27   drivers . . . [which] impeded Plaintiffs and the other Class

28                                        11

members from taking 30-minute, off-duty meal breaks in a timely fashion."

- Plaintiffs were working "12 to 15 hours per day" and were "pressure[d] to deliver by the 'lunch-time rush,'" which "prevented them from taking timely meal breaks . . . ."

- Plaintiffs "were paid on the basis of a piece rate system that included . . . specific amounts allotted to the miles completed by drivers," which "discouraged or prevented them from taking meal breaks . . . ."

*Id.* at 2-3 (internal quotation marks and citations omitted).  The Court concluded that the above assertions were simply "broad and conclusory allegations" that "fail[ed] to plead a plausible claim."  *Id.* at 3.  In support of this holding, the Court noted that (1) "Plaintiffs fail to allege why they could not have taken their 30-minute meal breaks at some point along their routes"; (2) "Plaintiffs do not allege the start and end times of their work day" and are silent as to "why Plaintiffs could not take meal breaks before or after the 'lunch-time rush'"; and (3) Plaintiffs do not allege how the "piece rate system" of pay "discouraged or prevented them from taking meal breaks . . . ." *Id.* at 3-4.

Plaintiff's allegations are strikingly similar to the claims that were dismissed in *Esquivel*.  Numerous courts within the Ninth Circuit have dismissed wage and hour cases like this one that rest on threadbare recitations of the elements of a cause of action, rather than on factual allegations.  *Jeske v. Maxim Healthcare Servs., Inc.*, No. 11-1838 LJO JLT, 2012 WL 78242, at *5 (E.D. Cal. Jan. 10, 2012) (dismissing meal period claim that "merely alludes to 'numerous days worked' without meal periods" and the claim "lacks facts to demonstrate that [defendant] denied [plaintiff] meal breaks"); *Jimenez*, 2011 WL 61611, at *2 (dismissing claim that defendant "failed to pay meal and rest benefits owed" where the complaint was "devoid of factual content and consist[s] of conclusory statements and recitations of statutory language"); *Weigele v. FedEx Ground Package Sys., Inc.*, No. 06-CV-

12

1    1330 JLS (POR), 2010 WL 4723673, at *4 (S.D. Cal. Nov. 15, 2010) (dismissing

2    claim that "[d]efendant required Plaintiffs to work . . . without being given a 30-

3    minute meal period for shifts of at least five hours" as "non-specific allegations

4    [that] do not suffice to survive a motion to dismiss under *Twombly* and *Iqbal*)

5    (internal quotation marks and citation omitted); *Schneider v. Space Sys./Loral, Inc.*,

6    No. 11-02489-JF, 2011 WL 4344232, at *2 (N.D. Cal. Sept. 15, 2011) (dismissing

7    complaint that alleged plaintiff "worked without being given paid 10-minute rest

8    periods as required by law and without being given a 30-minute meal period")

9    (internal quotation marks, citation, and alteration omitted) (citing similar cases).

10   The Court should do likewise here.

11          **B.    Plaintiff's "Clawed-Back" Wages and Minimum Wage and**

12                **Overtime Claims Fail.**

13          Plaintiff alleges as his Fourth Cause of Action that Alta-Dena violated Cal.

14   Labor Code §§ 221-224 "by automatically deducting 30 minutes of pay each day

15   from each employee if they worked more than their minimum shift." (Compl. ¶ 36)

16   Plaintiff alleges that these deductions were made regardless of whether the

17   employee actually took their eligible meal period.  In his Second Cause of Action,

18   Plaintiff alleges that as a result of these deductions, Alta-Dena also violated the

19   minimum wage and overtime laws.  (Compl. ¶23)  These claims are therefore

20   necessarily premised on the underlying claim that Plaintiff and other drivers were

21   denied earned meal periods, thus making the alleged deductions improper.  As

22   discussed above, the underlying meal period claim is devoid of necessary facts and

23   thus these claims fail for the same reasons.

24          **C.    Plaintiff's "Waiting-Time" Claim Fails.**

25          For his Third Cause of Action, Plaintiff alleges that Alta-Dena failed to pay

26   him and other drivers the meal and rest break premium pay they were owed upon

27   termination, as well as other compensation resulting from the alleged missed meal

28   periods (*i.e.,* the 30 minutes allegedly deducted and overtime allegedly owed).

13

(Compl. ¶¶ 30-31)   Again, these claims are necessarily based on the underlying claims for violations of the meal and rest break laws—which fail to meet the standard articulated in *Twombly* and *Iqbal*—and should be dismissed for the same reasons.   Also, Plaintiff fails to allege facts supporting any other driver's termination.

### D.   Plaintiffs' Record-Keeping Claims Fail.

In his Fifth Cause of Action, Plaintiff states that as a result of allegedly failing to provide premium pay for missed meals and rest breaks and allegedly improperly deducting time from drivers' pay records, Alta-Dena failed to provide accurate itemized wage statements as required by section 226.   (Compl. 41)  Plaintiff alleges that "Defendant also listed the incorrect entity that employed Plaintiff and the putative class members on the paystub," but offers no facts in support of that allegation.   (*Id.*)   This claim is based on nothing more than "formulaic recitation[s] of the elements of a cause of action . . . ."  *Twombly*, 550 U.S. at 555.

Yet again, Courts within the Ninth Circuit have dismissed record-keeping claims that, like this one, are based on conclusory legal assertions without any specific factual allegations to support them.   *Jeske*, 2012 WL 78242, at *15 (faulting the "conclusory nature of the inaccurate records claims" where "[t]he claims merely point to [legal] requirements and claim they were not satisfied with nothing more"); *Rhoades v. Progressive Cas. Ins. Co.,* No. 10-cv-0763-GEB-KJN, 2011 WL 397657, at *3 (Feb. 3, 2011) ("Plaintiffs' wage statement claim offers nothing more than a formulaic recitation of the elements of a cause of action.") (internal quotation marks and citation omitted); *see also, e.g.*, *Jimenez*, 2011 WL 61611, at *2 (dismissing conclusory record-keeping claim); *Kemp v. Int'l Bus. Machines Corp.*, No. 09-4683 MHP, 2010 WL 4698490, at *3 (N.D. Cal. Nov. 8, 2010) (holding that the plaintiff's bare allegation that defendant failed to comply

14

1  with record-keeping requirements "does not demonstrate beyond a highly

2  speculative level that [defendant] may actually be engaged in unlawful record-

3  keeping practices"); *Harding*, 2009 WL 2575898, at *3 (holding allegations that

4  defendant failed to "provide accurate Itemized Wage Statements" were "conclusory

5  allegations as defined by *Twombly*, and will be assigned no weight") (internal

6  quotation marks and citation omitted).

7        **E.**     <u>**There Are No Facts Alleged to Support Plaintiffs' UCL Claim.**</u>

8        Plaintiff's Sixth Cause of Action purports to state a claim under California's

9  UCL, Cal. Bus. & Prof. Code § 17200 *et seq.* based on the preceding claims.

10  (Compl. ¶¶ 45-52)   Plaintiff fails to state a claim for relief on the underlying

11  violations; therefore, the UCL claim must also be dismissed.  *See Brisos v. Wells*

12  *Fargo Bank*, 737 F. Supp. 2d 1018, 1033 (N.D. Cal. 2010) ("Because Plaintiff has

13  failed to state claims for any underlying violation of state or federal law, he cannot

14  proceed on his unfair competition law claims under § 17200.").

15        **F.**     <u>**There Are No Facts Alleged to Support Plaintiff's PAGA Claim.**</u>

16        Plaintiff's PAGA claim incorporates the above deficient allegations, and

17  nothing more.  (Compl. ¶¶ 18, 22, 27, 32-33, and 43)  For that reason, the PAGA

18  claim is also subject to dismissal.  *See Brisos*, 737 F. Supp. 2d at 1033.

19  **V.**     <u>**PLAINTIFF'S PENALTY CLAIMS ALSO ARE TIME-BARRED.**</u>

20        All of Plaintiff's claims should be dismissed in their entirety, as discussed

21  above.  Plaintiff's claims for penalties under the Labor Code and PAGA should be

22  dismissed on the separate ground that they are time-barred.

23        Plaintiff seeks statutory and civil penalties on behalf of himself and the

24  putative class under various sections of the California Labor Code.[2]  *See* Compl. ¶

25

26  [2] Alta-Dena moves to dismiss on statute of limitations grounds all of Plaintiff's
   claims for statutory and civil penalties except for his claims under California Labor

27  Code section 203—asserted in Plaintiff's First and Third Causes of Action—
   because section 203 provides that "[s]uit may be filed for these penalties at any

28  time before the expiration of the statute of limitations on an action for the wages

15

22 (First Cause of Action for Failure to Provide Meal And/Or Rest Breaks: seeking "recovery of unpaid wages, interest, and attorneys' fees, and costs, in addition to penalties under  California Labor Code §§ 203, 210, 218.6, 226, 226.3, 558, 1194(a), and/or 2699 because Defendants did not pay Plaintiff and putative class members accurately in a timely manner for the rest periods and/or meal periods they were deprived of during their employment and/or upon their discharge"); ¶ 26 (Second Cause of Action for Failure to Pay Minimum Wage And/Or Overtime: seeking "civil penalties for Defendant's above described violations of the California Labor Code, including 25% of all amounts unlawfully withheld by Defendants pursuant to California Labor Code § 225.5"); ¶ 32 (Third Cause of Action for Failure to Pay Wages Upon Termination of Employment: "Pursuant to California Labor Code §§ 210 and 2699, Plaintiff and the putative class members seek civil penalties"); ¶ 37 (Fourth Cause of Action for Clawed-Back Wages: seeking "civil penalties for Defendant's above described violations of the California Labor Code, including 25% of all amounts unlawfully withheld by Defendants pursuant to California Labor Code § 225.5"); ¶¶ 42-43 (Fifth Cause of Action for Failure to Provide Accurate and Itemized Pay Statements: seeking "statutory penalties . . . under California Labor Code § 226(e)" and "civil penalties pursuant to California Labor Code § 226.4"[3]).

Plaintiff also seeks at least three types of penalties under PAGA.  First, Plaintiff seeks to recover penalties that the LWDA could collect pursuant to Labor Code § 210(a).  (Compl. ¶ 32)  Second, Plaintiff seeks to recover penalties that the LWDA could collect pursuant to Labor Code § 226.3 (Compl. ¶ 43).  Third, Plaintiff seeks to recover statutory penalties under PAGA's separate penalty

_____

(… cont'd)
from which the penalties arise [*i.e.,* three years]."  Cal. Labor Code § 203(b). However, Alta-Dena does move to dismiss Plaintiff's PAGA claim insofar as it is predicated on Labor Code section 203, for reasons discussed in Part V.B.2.
[3] Section 226.4 does not provide for a civil penalty but rather authorizes the Labor Commissioner to issue citations for violations of section 226(a).

16

1  provision, Cal. Labor Code § 2699(f), for alleged violations of California's meal

2  break laws (Compl. ¶ 22).

3      The statute of limitations for penalty claims is one year, and because Plaintiff

4  filed this action in 2013 and asserts no claims for any conduct occurring after

5  December 31, 2010 (Compl. ¶¶ 14-15) and alleges that Alta-Dena employed no

6  drivers after January 1, 2011 (*id.* ¶ 14 n.1), all of these penalty claims are time-

7  barred.  Cal. Code Civ. P. § 340.

8      A.      **Plaintiff's Penalty Claims on Behalf of Himself and the Putative**

9              **Class Are Time-Barred**

10     Plaintiff seeks to recover civil and statutory penalties pursuant to Labor Code

11  sections 210, 225.5, 226(e), 226.3, 226.4, and 558 on behalf of himself and the

12  putative class.  These penalty claims are time-barred by a one-year statute of

13  limitations on actions for penalties.  Cal. Code Civ. P. § 340(a); *see also, e.g.*,

14  *Nguyen v. Baxter Healthcare Corp.*, No. 10-cv-01436-CJC (SSx), 2011 WL

15  6018284, at *9 (C.D. Cal. Nov. 28, 2011) (dismissing claim for section 226(e)

16  penalties as time-barred under one-year statute of limitations).  In his Complaint,

17  Plaintiff alleges that the conduct underlying his claims continued "until December

18  31, 2010" and that Alta-Dena did not employ Plaintiff or any other drivers after

19  January 2, 2011.  (Compl. ¶§ 14-15 & n. 1)  Plaintiff did not file his complaint until

20  May 15, 2013, more than 2 years later.  Thus, these claims are time-barred.

21     To the extent Plaintiff purports to seek actual damages stemming from Alta-

22  Dena's alleged failure to provide accurate itemized wage statements, that claim

23  must be dismissed because Plaintiff fails to allege he suffered any actual injury.

24  "The injury requirement cannot be met simply by showing that one of the nine

25  itemized requirements under Section 226(a) is absent from the wage statement." *Id.*

26  at *8.  The Complaint is totally devoid of any allegation that Plaintiff was injured

27  (let alone suffered actual damages) as a result of receiving inaccurate itemized

28  wage statements, and any claim for statutory penalties is clearly time-barred. *Id.* a

*9 ("[B]ecause the Court finds there is no evidence of injury suffered as a result of the purported missing information in her wage statements, Section 340 applies to limit her wage statement claim to wage statements provided . . . a year before she filed her complaint.").

Therefore, Plaintiff's claims for penalties on behalf of himself and the putative class under Cal. Labor Code sections 210, 225.5, 226(e), 226.3, 226.4, and 558 are time-barred and must be dismissed with prejudice.

> **B.    Plaintiff's PAGA claims must be dismissed in their entirety.**
>
> > 1.    Plaintiff's penalty claims under section 2699(a) are time-barred.

PAGA provides that any Labor Code provision that "provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ["LWDA"] . . . may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees . . . ." Cal. Labor Code § 2699(a) (bracketed alteration added).

Plaintiff seeks to collect, pursuant to PAGA, the statutory penalties that the LWDA would be entitled to collect for Alta-Dena's alleged failure to:

- Provide meal and rest periods, *see* Cal. Labor Code § 558 (providing "a civil penalty" for the failure to comply with section 512's meal and rest break requirements);

- Pay all wages due semi-monthly, *see* Cal. Labor Code § 210 (providing a "civil penalty" for the "fail[ure] to pay the wages of each employee");

- Furnish accurate itemized wage statements, *see* Cal. Labor Code §§226(a), 226(e), 226.3 (providing an additional "civil penalty" for the failure to provide accurate itemized wage statements).

For the reasons discussed above, each of these claims for statutory penalties is time-barred under a one-year statute of limitations. *See, e.g.*, *Yanira v. Fernandez*, No.

18

1  C-08-05721 RMW, 2011 WL 4101266, at *2-3 (N.D. Cal. Sept. 8, 2011) (finding

2  PAGA claims for penalties under Labor Code section 558 subject to one-year

3  statute of limitations); *Singer v. Becton, Dickinson & Co.*, No. 08-cv-821 IEG

4  (BLM), 2008 WL 2899825, at * (S.D. Cal. July 25, 2008) (holding claims for

5  penalties pursuant to Labor code sections 210, 226.3, 558, and PAGA are subject to

6  a one-year statute of limitations).  As such, those claims must be dismissed.

7  2.    Plaintiff's penalty claims under section 2699(f) are time-barred.

8  Plaintiff's PAGA claim for statutory penalties under section 2699(f) is

9  subject to the one-year statute of limitations on actions upon a statute for penalty or

10  forfeiture.   A Plaintiff cannot use section 2699(a) to collect premium wages or

11  penalties authorized by an underlying Labor Code section that permits employees,

12  but not the LWDA, such recovery.  Cal. Labor Code § 2699(a) (authorizing an

13  "aggrieved employee" to bring an action "on behalf of himself or herself and other

14  current or former employees" to enforce "any provision of this code that provides

15  for a civil penalty to be assessed and collected by the Labor and Workforce

16  Development Agency") (emphasis added); *De Simas v. Big Lots Stores, Inc.*, No.

17  06-6614 SI, 2007 WL 686638, at *5 (N.D. Cal. March 2, 2007) (holding Plaintiff

18  was not an "aggrieved employee" for PAGA purposes where the underlying Labor

19  Code section "does not give the [LWDA] authority to bring suit").

20  Instead, where the LWDA is not authorized to collect a statutory penalty,

21  PAGA may also permit an aggrieved employee to recover a separate statutory

22  penalty for "all provisions of this [Labor] code except those for which a civil

23  penalty is specifically provided," amounting to "one hundred dollars ($100) for

24  each aggrieved employee per pay period for the initial violation and two hundred

25  dollars ($200) for each aggrieved employee per pay period for each subsequent

26  violation." Cal. Labor Code § 2699(f)(1)-(2).  Plaintiff seeks to collect such PAGA

27  penalties for the following alleged Labor Code violations, none of which permits

28  the LWDA to collect penalties directly;

- Failing to provide one hour of premium pay for each employee who was deprived a meal or rest period, Cal. Labor Code § 226.7;

- Failing to pay all wages due semi-monthly, Cal. Labor Code §§ 201, 204;

- Failing to pay all wages due upon termination, Cal. Labor Code §§ 202, 203.

*See McKenzie v. Fed. Exp. Corp.*, 765 F. Supp. 2d 1222, 1231-32 (C.D. Cal. 2011) ("Section 2699.3 plainly provides that a civil action to recover penalties under Section 2699(f) requires a violation of one of the provisions listed under Section 2699.5."); *see also* Cal. Labor Code § 2699.5 (listing Labor code sections 201-204 and 226.7).

Regardless of the statute of limitations applicable to the underlying Labor Code violations at issue, Plaintiff's PAGA claim for statutory penalties under section 2699(f) is nonetheless subject to the one-year statute of limitations on actions upon a statute for penalty or forfeiture. *See, e.g.*, *Thomas v. Home Depot USA, Inc.*, 527 F. Supp. 2d 1003, 1007 (N.D. Cal. 2007) (holding that "[d]espite the three-year statute of limitations that applies to some of the Labor Code violations . . . . a PAGA claim is, by definition, a claim for civil penalties" and thus "the one-year statute of limitations provided in CCP § 340(a)" applies) (internal citations omitted). *Cf. De Simas v. Big Lots Stores, Inc.*, No. 06-6614 SI, 2007 WL 686638, at *5 (N.D. Cal. March 2, 2007). Thus, <u>all</u> of Plaintiff's claims for penalties under PAGA are time-barred under a one-year statute of limitations, regardless of whether the statute of limitations on the underlying Labor Code violation may be longer.

Plaintiff cannot continue to represent the State of California and all injured parties in an action for civil penalties under PAGA given that his individual claims are time-barred. *Thomas*, 527 F. Supp. 2d at 1009 (holding that Plaintiff whose

individual claims are time-barred "cannot go forward in a representative capacity with his PAGA claims after the one-year statute of limitations under CCP § 340(a) has run").

Because each of Plaintiff's claims for penalties under PAGA is time-barred, Plaintiff's PAGA claim must be dismissed in its entirety.

## VI.   <u>CONCLUSION</u>

For the foregoing reasons, Alta-Dena respectfully requests that the Court grant its motion to dismiss all the claims in Plaintiff's Complaint with prejudice on the ground that Plaintiff fails to plead facts sufficient to support the claims.  In the alternative, Alta-Dena requests that the Court grant its motion to dismiss on statute of limitations grounds (1) Plaintiff's claims under California Labor Code sections 210, 225.5, 226(e), 226.3, 226.4, and 558, and (2) Plaintiff's claims under PAGA in their entirety and with prejudice.

Dated:  June 24, 2013

MARC M. SELTZER
KATHRYN P. HOEK
STEVEN G. SKLAVER
AMANDA BONN
SUSMAN GODFREY L.L.P.

By
STEVEN G. SKLAVER
*Attorneys for Defendant*
*Alta-Dena Certified Dairy, LLC*

21

**PROOF OF SERVICE**

I, the undersigned, declare:

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1901 Avenue of the Stars, Suite 950, Los Angeles, California 90067-6029.

On June 24, 2013, I served the foregoing document(s) described as follows:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ALTA-DENA CERTIFIED DAIRY, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) OR TO STRIKE PURSUANT TO FED. R. CIV. P. 12(f)**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Timothy B. McCaffrey, Jr.
Natasha Chesler
**THE LAW OFFICES OF TIMOTHY B. MCCAFFREY, JR.**
11377 West Olympic Boulevard, Suite 500
Los Angeles, California 90064-1683
Tel: (310) 882-6407; Fax: (310) 882-6359
Email: tmccaffrey@tbmlaw.net; nchesler@tbmlaw.net

_____BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

X_____BY ELECTRONIC MAIL: I caused said document(s) to be served via the Court's CM/ECF system.

Executed on June 24, 2013, at Los Angeles, California.

X_____(Federal)  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

M.F. Williams_____          _____
(Type or Print Name)                                   (Signature)

22