TIMOTHY B. McCAFFREY, JR. (S.B. #192114)
NATASHA CHESLER (S.B. #227540)
THE LAW OFFICES OF TIMOTHY B. McCAFFREY, JR.
A Professional Corporation
11377 West Olympic Boulevard, Suite 500
Los Angeles, California 90064-1683
Telephone: (310) 882-6407
Facsimile: (310) 882-6359
E-Mail:   tmccaffrey@tbmlaw.net
          nchesler@tbmlaw.net

Attorneys for Plaintiff
Juan Perez

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| JUAN PEREZ, on behalf of himself and those similarly situated,<br><br>            Plaintiff,<br><br>      vs.<br><br>ALTA-DENA CERTIFIED DAIRY, LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>            Defendant. | CASE NO. CV13-04335 R (FFMx)<br><br>*Assigned to Hon. Manuel L. Real*<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:          August 19, 2013<br>Time:          10:00 a.m,<br>Courtroom:   8 |

1    TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

2    PLEASE TAKE NOTICE, that on **Monday, August 19, 2013 at 10:00 a.m.** or

3 as soon thereafter as the matter may be heard in Courtroom 8 of the above-entitled

4 Court, located at 312 North Spring Street, Los Angeles, California, plaintiff Juan Perez

5 ("Plaintiff" or "Mr. Perez") on behalf of himself and those similarly situated, will and

6 hereby does move for an order to remand this case to the Los Angeles County Superior

7 Court. This Motion is filed in response to the Notice of Removal filed by defendant

8 Alta Dena Certified Dairy, LLC ("Defendant" or "Alta Dena"). Defendant's Notice of

9 Removal was filed on June 17, 2013 and therefore this Motion is timely made. This

10 Motion is made pursuant to 28 U.S.C. § 1447(c) and Federal Rule of Civil Procedure

11 Rule 7(b) on the grounds that: (a) there exists no non-diverse defendant under 28

12 U.S.C. § 1332(d)(2) ("CAFA") because under CAFA the sole defendant is a California

13 citizen and Plaintiff is a California citizen; (b) the total amount in controversy, after

14 aggregating the claims of all potential class members, does not exceed $5,000,000 as is

15 required by CAFA; and (c) diversity jurisdiction under 28 U.S.C. § 1332(a) is not

16 satisfied because less than $75,000 is at issue on Plaintiff's individual claims.

17    This Motion is made following the conference of counsel pursuant to Local Rule

18 7-3, which took place beginning on July 1, 2013.

19

20

21

22

23

24

25

26

27

28

1      This motion is based on this Notice of Motion and Motion, the Memorandum of

2 Points and Authorities filed by Plaintiff, the pleadings and other documents on file

3 with the Court, and such oral argument as the Court may allow at the hearing on this

4 motion.

5 DATED: July 17, 2013                   Respectfully submitted,

6                                   THE LAW OFFICES OF

7                                   TIMOTHY B. McCAFFREY, JR.

8

9                                 By /S/ Natasha Chesler
                                     Natasha Chesler

10                                 Attorneys for Plaintiff
                                  Juan Perez

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND TO STATE COURT

## **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION AND PROCEDURAL POSTURE ............................................ 1

II.   LEGAL ANALYSIS ............................................................................................ 3

    A.    Legal Standard ........................................................................................... 3

    B.    Defendant Has Failed To Establish Jurisdiction Under CAFA
    Because There Are No Non-Diverse Parties .............................................. 3

    C.    Defendant Has Failed To Establish Diversity Jurisdiction Because
    There Is Not Over $75,000 In Controversy On Plaintiff's Individual
    Claims ........................................................................................................ 4

        1.    Meal and Rest Break Premiums ..................................................... 6

        2.    "Clawed Back" Wages .................................................................... 6

        3.    Inaccurate Wage Statements ........................................................... 7

        4.    PAGA Penalties .............................................................................. 8

            (a)    Penalties Capable Of Calculation On Plaintiff's
            Individual Claim .................................................................. 8

            (b)    The Court should reject Defendant's request to
            aggregate absent class members' potential PAGA
            penalties ............................................................................ 10

        5.    Attorneys' Fees ............................................................................ 13

III.  CONCLUSION ................................................................................................. 15

# TABLE OF AUTHORITIES

**Page**

## CASES

*Badia v. Countrywide Fin. Corp.*, 2010 U.S. Dist. LEXIS 123438 at *5-7 (C.D. Cal. Nov. 8, 2010) .......................................................................................................... 5

*Burk v. Medical Savings Ins. Co.*, 348 F. Supp. 2d 1063, 1068-69 (D. Ariz. 2004) ............................................................................................................................ 13

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ...................................... 3

*Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 700 (4th Cir. 2010).......... 3

*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ....................................... 3, 4

*Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) ....................... 13

*Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941) .................................. 3

*Jimenez v. Menzies Aviation, Inc.*, 2013 U.S. Dist. LEXIS 50443, at *8-10 (N.D. Cal. April 8, 2013) ........................................................................................................ 6

*Johnson v. Wattenbarger*, 361 F.3d 991, 993 (7th Cir. 2004) ............................. 4

*Jones v. Spherion Staffing LLC*, 2012 U.S. Dist. LEXIS 112396 (C.D. Cal. Aug. 7, 2012) .......................................................................................................................... 9

*Kessler v. Nat'l Enterprises, Inc.*, 347 F.3d 1076, 1080 (8th Cir. 2003)................. 13

*Kirby v. Immoos Fire Protection, Inc.*, 53 Cal. 4th 1244, 1259 (Cal. 2012) ................... 9

*Lopez v. Source Interlink Cos.*, 2012 U.S. Dist. LEXIS 44288, at *7 (E.D. Cal. Mar. 28, 2012) ............................................................................................................. 9

*Maddox v. Cont'l Cas. Co.*, 2011 U.S. Dist. LEXIS 20995 at *2-3 (C.D. Cal. Feb. 10, 2011) ............................................................................................................. 5

*Marroquin v. Wells Fargo, LLC*, 2011 U.S. Dist. LEXIS 10510, *5 (S.D. Cal. Feb. 3, 2011) ................................................................................................................ 3

*Martinez v. Morgan Stanley & Co.*, 2010 U.S. Dist. LEXIS 80797 at *13-15 (S.D. Cal. Aug. 9, 2010) ............................................................................................ 5, 7

*Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ......... 4

*Pereira v. Gate Gourmet, Inc.*, 2009 U.S. Dist. LEXIS 41330 at *25-26 (C.D. Cal. April 30, 2009) ..................................................................................................... 5

*Ray v. Nordstrom*, 2011 U.S. Dist. LEXIS 146657 at *10-12 (C.D. Cal. Dec. 9, 2011) ......................................................................................................................... 6, 7

*Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1130 (C.D. Cal. 2010) ... ... ... ... ...5, 7

1    *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) .......................4

2    *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ............4

3    *Smith v. Brinker Int'l, Inc.*, 2010 U.S. Dist. LEXIS 54110, AT *8-9 (N.D. Cal. May 5, 2010)..........................................................................................................7, 9

4    *Snyder v. Harris*, 394 U.S. 332, 338 (1969) ........................................................2

5    *Solomon v. Mainline Info. Sys.*, 2012 U.S. Dist. LEXIS 5378 (C.D. Cal. Jan. 17, 2012) ...........................................................................................................5

6

7    *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938) ...............................4

8    *Travelers Property Cas. v. Good*, 689 F. 3d 714, 722-34 (7th Cir. 2012) .....................2

9    *Verner v. Swiss II, LLC*, 2010 U.S. Dist. LEXIS 4443 (C.D. Cal. Jan. 6, 2010) ............5

10   *Walker v. CorePower Yoga, LLC*, 2013 WL 2338675, at *16 (S.D. Cal. May 24, 2013) ..........................................................................................................10

11

12   *Zacharia v. Wal-Mart Stores, Inc.*, 2011 U.S. Dist. LEXIS 142657 at *7-8 (C.D. Cal. Dec. 5, 2011) .....................................................................................5

13   *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 301 (1973) .........................................2

14

15   **<u>STATUTES</u>**

16   28 U.S.C. § 1332 .......................................................................................3

17   28 U.S.C. § 1332 .......................................................................................1

18   28 U.S.C. § 1441 .......................................................................................3

19   California Labor Code § 226.3 ....................................................................7, 9

20   California Labor Code § 210(a) ......................................................................8

21   California Labor Code § 226(e) ......................................................................7

22   California Labor Code § 226.3 .......................................................................7

23   California Labor Code § 2699 ........................................................................9

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND PROCEDURAL POSTURE

Plaintiff Juan Perez ("Plaintiff") filed this lawsuit in Los Angeles County California Superior Court on May 15, 2013.  Defendant Alta-Dena Certified Dairy, LLC ("Defendant") was served on May 17, 2013, and removed this action to the Central District of California Court on June 17, 2013.  The matter was then reassigned as a related case.  (Docket Nos. 5, 8.)  Defendant alleges in its Notice of Removal two alleged grounds for jurisdiction:  (1) the Class Action Fairness Act of 2005 ("CAFA") (28 U.S.C. § 1332(d)(2)); and (2) diversity (28 U.S.C. § 1332(a)).

Defendant's assertion of jurisdiction, however, fails for two basic reasons.  First, under CAFA, all parties are citizens of California and, thus, diversity of citizenship does not exist.  Second, Defendant's assertions regarding the amount in controversy (under either CAFA or Section 1332) are impermissibly based on conjecture, speculation and fall well short of establishing by a preponderance of the evidence that jurisdiction lies with this Court.

The following chart – which is further explained herein – demonstrates the gross discrepancies in Defendant's calculations.

| CLAIM | DEFENDANT'S CALCULATION | PLAINTIFF'S CALCULATION |
|---|---|---|
| Meal/Rest Break Premiums | $14,329.80 – $21,549.90 | $14,329.80 – $21,549.90 |
| "Clawed Back" Wages | $3,582.45 – $5,387.48 | $1,194.15 – $1,822.65 |
| Inaccurate Wage Statements | 226(e) Penalties:  $2,550<br>226.3 Penalties:  $25,250 | 226(e) Penalties:  $2,550<br>226.3 Penalties:  No facts giving rise to such penalties at this time. |

| PAGA Wage and Hour Claims | On behalf of the entire class: | On behalf of Plaintiff alone: |
|---|---|---|
| | 201(a) Penalties: $535,500<br>226.3 Penalties: $2,651,250<br>2699(f) Penalties: $535,500 | 201(a) Penalties: too speculative on current facts<br>226.3 Penalties: not applicable (addressed above)<br>2699(f) Penalties: $1,275 |
| SUBTOTAL | $3,767,962.25 – $3,776,987.38 | $19,348.95 – $27,197.55 |
| Attorneys' Fees | $941,990.56 – $944,246.85 | $4,837.24 – $6,799.39 |
| TOTAL | $4,709,952.81 – $4,721,234.23 | $24,186.19 – $33,996.94[1] |

Indeed, the <u>only</u> basis for Defendant to reach the amount in controversy required for diversity jurisdiction is to <u>aggregate</u> Plaintiff's individual recovery with amounts recoverable by putative class members. But this flies in the face of longstanding judicial canons precluding aggregation for diversity purposes. *See e.g., Snyder v. Harris*, 394 U.S. 332, 338 (1969); *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 301 (1973). It is black letter law that each class member's claim must satisfy the jurisdictional amount in controversy for the purposes of Section 1332. *See, e.g., Travelers Property Cas. v. Good*, 689 F. 3d 714, 722-34 (7th Cir. 2012). The Supreme Court long ago explained: "The dominant note in the successive enactments of Congress relating to diversity jurisdiction, is one of jealous restriction, of avoiding offense to state sensitiveness, and of relieving the federal courts of the overwhelming burden of business that intrinsically belongs to the state courts, in order to keep them free for their distinctive federal business." *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76

---

[1] For the same reasons a preponderance of the evidence fails to establish more than $75,000 in controversy on Plaintiff's individual claims, Defendant also fails to establish the $5,000,000 amount in controversy required for CAFA. Even if we accepted Plaintiff's damages as equal to every single class member, this results only in $2,382,817.50 – $3,330,455.10 ($22,693.50 – $31,718.62 multiplied by 105 putative class members).

1   (1941) (internal quotations omitted).  This state law wage and hour class action
2   involving only issues of California law and California citizens is precisely the "burden
3   of business that intrinsically belongs to the state courts."  To permit plaintiffs and/or
4   defendants to "aggregate" damages for both an individual plaintiff and putative class
5   members to cross the $75,000 amount in controversy threshold would open the
6   floodgates and broaden diversity jurisdiction in ways Congress did not intend.  CAFA
7   is the mechanism for aggregating class or representative claims.  There is simply no
8   reason to import the concept of aggregation to Section 1332 diversity jurisdiction.
9          For these reasons, as set forth in further detail below, Plaintiff respectfully
10   submits that this matter should be remanded to state court.

11   **II.   LEGAL ANALYSIS**

12          **A.   Legal Standard**

13          Only state court actions that could have originally been filed in federal court
14   may be removed.  28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386,
15   392 (1987).  The Ninth Circuit strictly construes the removal statute *against* removal
16   jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The party that
17   removed the case bears the burden of establishing that federal jurisdiction is proper
18   when a motion for remand is filed.  *Id.* at 566-67.

19          **B.   Defendant Has Failed To Establish Jurisdiction Under CAFA**
20                 **Because There Are No Non-Diverse Parties**

21          CAFA jurisdiction requires at least one diverse defendant.  28 U.S.C.
22   § 1332(d)(2).  Under CAFA, an unincorporated association is deemed a citizen of the
23   State in which it has its principal place of business and the State in which it is
24   organized.  28 U.S.C. § 1332(d)(10).  Under CAFA, a limited liability company – such
25   as Defendant – is treated as an "unincorporated association" such that it is also a
26   citizen in the State where it has its principal place of business.  *Ferrell v. Express*
27   *Check Advance of SC LLC*, 591 F.3d 698, 700 (4th Cir. 2010); *Marroquin v. Wells*
28   *Fargo, LLC*, 2011 U.S. Dist. LEXIS 10510, *5 (S.D. Cal. Feb. 3, 2011).

1    Here, Plaintiff is a citizen of California.  (Complaint at ¶ 2.)  Defendant is a
2  limited liability company with its principal place of business in California.  (Id. ¶ 1.)
3  Defendant does not dispute this fact in its removal petition.  Thus, there is no diversity
4  of citizenship under CAFA and CAFA jurisdiction does not lie.

5    **C.    Defendant Has Failed To Establish Diversity Jurisdiction Because**
6          **There Is Not Over $75,000 In Controversy On Plaintiff's Individual**
7          **Claims**

8    Diversity jurisdiction must be ascertained at the commencement of the action.
9  *Johnson v. Wattenbarger*, 361 F.3d 991, 993 (7th Cir. 2004).  Where a complaint is
10 unclear as to whether the requisite amount in controversy is pled, defendant bears the
11 burden of establishing by a "preponderance of the evidence" that the amount in
12 controversy exceeds $75,000.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404
13 (9th Cir. 1996).  The court may examine facts in the removal petition and may require
14 parties to submit summary-judgment-type evidence relevant to the amount in
15 controversy at the time of removal.  *Singer v. State Farm Mutual Auto. Ins. Co.*, 116
16 F.3d 373, 377 (9th Cir. 1997).  Removal "cannot be based simply upon conclusory
17 allegations." *Id.*  Nor can it be based on speculation or conjecture.  *Gaus*, 980 F.2d at
18 567.  Summary-judgment-type evidence is required.  *Matheson v. Progressive*
19 *Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).  Damages that are legally
20 impossible to obtain cannot be counted towards the amount in controversy.  *St. Paul*
21 *Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938).

22    Here, Defendant's calculations are not only grossly inflated, but Defendant
23 impermissibly relies on speculation or conjecture.  For example, Defendant assumes
24 that each and every putative class member was damaged in an identical manner to
25 Plaintiff with no basis for such a result.  Defendant also vaguely states that Plaintiff
26 was "employed" during the relevant time-period, but fails to identify how many weeks
27 Plaintiff actually worked.  (See Declaration of Marjorie Ball ("Ball Declaration") ¶ 8.)
28 Thus, if Plaintiff was out on vacation, leave, etc., there would obviously be no wage

1    and hour violations for those weeks.  (Defendant similarly does this with respect to

2    putative class members; *i.e.* only identifying those that were "employed" as opposed to

3    how many were actually working.  Id. ¶ 12-13.)  Defendant further goes on to make

4    assumptions based on Plaintiff's use of the terms "usually" or "often" and then

5    extrapolates numbers for violations.  Defendant then further extrapolates that such

6    occurrences happened an identical amount of time for each class members to arrive at

7    further grossly inflated and speculative numbers.

8        Plaintiff submits this is impermissible speculation – both in terms of CAFA and

9    in terms of Section 1332.  In making a similar determination of the amount in

10   controversy in the CAFA context, courts have explained that a defendant may meet its

11   burden regarding the number of times wage and hour violations occurred by offering

12   evidence such as "a sampling or other analysis demonstrating that it was more likely

13   than not that many of their employees regularly worked more than eight hours in a day

14   or forty hours in a week to support calculations regarding potential overtime claims."

15   *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1130 (C.D. Cal. 2010); *see also Pereira*

16   *v. Gate Gourmet, Inc.*, 2009 U.S. Dist. LEXIS 41330 at *25-26 (C.D. Cal. April 30,

17   2009).[2]  The showing required under diversity is no different.  *See i.e., Jimenez v.*

18   _____

19   [2] Many other cases similarly require Defendant to make such an evidentiary showing
     to establish the amount in controversy for wage and hour violations.  *See, e.g., Badia v.*
20   *Countrywide Fin. Corp.*, 2010 U.S. Dist. LEXIS 123438 at *5-7 (C.D. Cal. Nov. 8,
     2010) ("Defendants' assumptions about the number of times that each class member
21   experienced a [wage and hour violation, including meal and rest breaks and overtime]
     are not supported by any 'summary-judgment-type' evidence.  Rather, Defendants'
22   assumptions are the type of speculation and conjecture that are insufficient to show
     that the amount in controversy exceeds $5,000,000.); *see also Zacharia v. Wal-Mart*
23   *Stores, Inc.*, 2011 U.S. Dist. LEXIS 142657 at *7-8 (C.D. Cal. Dec. 5, 2011); *Martinez*
     *v. Morgan Stanley & Co.*, 2010 U.S. Dist. LEXIS 80797 at *13-15 (S.D. Cal. Aug. 9,
24   2010); *Maddox v. Cont'l Cas. Co.*, 2011 U.S. Dist. LEXIS 20995 at *2-3 (C.D. Cal.
     Feb. 10, 2011); *Verner v. Swiss II, LLC*, 2010 U.S. Dist. LEXIS 4443 (C.D. Cal. Jan.
25   6, 2010); *Solomon v. Mainline Info. Sys.*, 2012 U.S. Dist. LEXIS 5378 (C.D. Cal. Jan.
     17, 2012).  Plaintiff acknowledges that there is a split of authority on this issue and that
26   some courts have permitted speculative assumptions, and even a 100% violation rate,
     but this method has also been rejected as "improperly shift[ing] the burden to plaintiff
27   to refute speculative assertions of jurisdiction" and ignoring "'the strong presumption'
     against removal jurisdiction."  *Roth*, 799 F. Supp. 2d at 1128-29; *see also Ray v.*
28   (footnote continued)

1  *Menzies Aviation, Inc.*, 2013 U.S. Dist. LEXIS 50443, at *8-10 (N.D. Cal. April 8,

2  2013) (defendant failed to meet its burden under diversity jurisdiction because it failed

3  to provide summary-judgment type evidence regarding the actual amount of hours

4  worked by plaintiff, but instead relied on assumptions applied to the number of weeks

5  plaintiff was employed).  As further demonstrated, Defendant has failed to meet its

6  burden.

### 1.    **Meal and Rest Break Premiums**

8        While Plaintiff disputes Defendant's use of three meal and three rest breaks

9  every work week, Plaintiff agrees to Defendant's submission for the sake of argument

10 because even accepting these figures, the amount in controversy is still not met.

11 Defendant's Notice of Removal places the value of this claim between $14,329.80 and

12 $21,549.90.  Plaintiff notes, however, that equally valid calculations could be made

13 *reducing* these amounts and, thus, to the extent Defendant opposes this motion only to

14 provide new increased calculations, that too establishes that Defendant's calculations

15 are just too speculative.

### 2.    **"Clawed Back" Wages**

17       Plaintiff's Complaint alleges that Defendant "clawed back" 30 minutes of time –

18 only when a driver worked beyond his minimum shift of eight or ten hours.

19 (Complaint ¶ 15.)  Defendant has offered <u>no evidence</u> whatsoever of how many hours

20 Plaintiff (or any other putative class member) performed such work other than to rely

21 solely on Plaintiff's prior declaration wherein he stated that he "usually" worked

22 beyond his shift.  But the "evidence" Defendant attempts to rely on is itself vague.

23 Usually during what time period?  His entire employment history?  As previously

24 explained, courts have rejected such speculation – even notwithstanding a plaintiff's

25 use of similar language such as "consistently," "regularly," or "frequently."  *See e.g.*,

26  _____

27 *Nordstrom*, 2011 U.S. Dist. LEXIS 146657 at *10-12 (C.D. Cal. Dec. 9, 2011)
   (accord).

28

1  *Roth*, 799 F. Supp. 2d at 1124-25; *Martinez*, 2010 U.S. Dist. LEXIS 80797 at *15;

2  *Smith v. Brinker Int'l, Inc.*, 2010 U.S. Dist. LEXIS 54110, AT *8-9 (N.D. Cal. May 5,

3  2010). These authorities are particularly compelling given that Defendant is in the best

4  position to produce evidence regarding the working hours of its employees, including

5  Plaintiff. *See Roth*, 799 F. Supp. 2d at 1130; *see also Ray*, 2011 U.S. Dist. LEXIS

6  146657 at *11-12 =. Thus, Plaintiff submits the Court can assign no value to this

7  claim as it would be unduly speculative to do so. At a minimum, equally valid

8  assumptions could be made resulting in lower figures well below the amount in

9  controversy. For example, it is possible that only once a week on average a claw-back

10  deduction was made (on a day when Plaintiff both worked overtime and did not

11  receive a compliant meal break). Such an assumption means that the amount in

12  controversy on this claim would be between $1,194.15 and $1,822.65 based on

13  Defendant's proffered calculation. ($25.14 x 50 x 95 or 145 work weeks respectively.)

14  (Def. Not. of Removal at ¶ 41.)[3]

15  ### 3.   Inaccurate Wage Statements

16  While Defendant correctly calculates the maximum penalty under California

17  Labor Code § 226(e) (amounting to $2,550), Defendant improperly calculates further

18  penalties under California Labor Code § 226.3. Under Section 226.3, an employer is

19  subject to a civil penalty for violations of California Labor Code § 226 only if there is

20  a "citation." Cal. Lab. Code § 226.3. There are no allegations in the Complaint that

21  Defendant has yet been issued a "citation" for its deficient wage statements. Nor does

22  Defendant identify any such "citations" in its Notice of Removal. Thus, Plaintiff

23  submits that at this point the Section 226.3 civil penalty cannot be counted toward the

24

25  [3] This becomes all the more speculative when attempting to calculate the amount in
controversy for putative class members under PAGA because there is no evidence to
26  support the number of times a violation was experienced by Plaintiff is identical to
class members. *See Guerrero v. R.R. Donnelley & Sons Co.*, 2010 U.S. Dist. LEXIS
27  143438, at   (C.D. Cal. July 26, 2010)

28

1  amount in controversy.  Instead, only $2,550 is in controversy as of the removal of this

2  action for this claim.

3  ### 4.  **PAGA Penalties**

4  The foregoing calculations result in a total of $18,073 – $25,922.55 in

5  controversy.  Hardly enough to cross the $75,000 diversity threshold.  Notably,

6  Defendant does not even attempt to calculate potential damages for Plaintiff's claims

7  for overtime, failure to pay minimum wages, or waiting time penalties – likely because

8  it could not do so without engaging in similar speculation.  Thus, the only way

9  Defendant attempts to reach the amount in controversy is impermissibly to aggregate

10  Plaintiff's claim for PAGA penalties with those of absent putative class members.  As

11  further explained herein, however, the Court should reject such an analysis.  Plaintiff

12  will first address the propriety and amounts of Plaintiff's individual PAGA claim and

13  then turn to the issue of aggregation.[4]

14  ### (a)  *Penalties Capable Of Calculation On Plaintiff's Individual*

15  *Claim*

16  Defendant's Notice of Removal calculates three categories of penalties.  (Not. of

17  Removal at ¶¶ 55-58.)  First, Defendant calculates penalties pursuant to California

18  Labor Code § 210(a), which establishes a civil penalty of $100 for an "initial

19  violation" if as the result of a hearing, the employer is found to have failed to pay

20

21  [4] The initial Complaint was unclear regarding conduct post-dating Defendant's alleged

22  transfer of drivers to a sister-company in January 2011.  Defendant then filed a motion
   to dismiss and therein argued that Plaintiff's claims for PAGA penalties were barred

23  by the statute of limitations. (See Def. Motion to Dismiss, Docket No. 11)  Thus,
   Defendant seemingly concedes that the requisite amount in controversy was not met at

24  the time of removal.  Plaintiff, however, explained in the original Complaint, that he
   had submitted a letter to the LWDA regarding the PAGA violations on February 25,

25  2013. (Complaint at ¶ 18.)  Plaintiff further clarified in a First Amended Complaint
   that it is his position that while Defendant purported to transfer the drivers to a sister-

26  corporation, Defendant continued as a joint-employer because it continued to exercise
   control over the working conditions of the drivers, and continued to suffer and permit

27  the drivers to work for it. (FAC at ¶ 8.)  Regardless, PAGA penalties are calculated
   under a one year window.

28

1   "wages." As recently explained by the California Supreme Court, however, the

2   premium pay for missed meal/rest breaks is not considered an action brought for the

3   nonpayment of "wages," *Kirby v. Immoos Fire Protection, Inc.*, 53 Cal. 4th 1244, 1259

4   (Cal. 2012) and, thus, the penalty pursuant to Section 210(a) is inapplicable to that

5   claim. *See also Jones v. Spherion Staffing LLC*, 2012 U.S. Dist. LEXIS 112396 (C.D.

6   Cal. Aug. 7, 2012).

7        In addition, as previously explained, Defendant has failed to meet its burden to

8   provide any evidence whatsoever regarding the working hours of Plaintiff (or the

9   putative class members) to thereby calculate with any certainty the amount in

10  controversy, such as the clawback of wages for example, for which this penalty could

11  apply. Thus, Plaintiff submits that Section 210(a) penalties cannot be calculated

12  without engaging in impermissible speculation.

13       Second, Defendant calculates penalties pursuant to California Labor Code

14  § 226.3 for meal/rest break violations. But Defendant has already performed this

15  calculation (and included it) in Plaintiff's individual claim. Such double dipping

16  should not be allowed. Moreover, as previously explained, this section involves only

17  civil penalties for "citations.". There is no evidence or allegation of any citation as of

18  the time of removal. Thus, Plaintiff submits that there is no basis to calculate (or

19  award) Section 226.3 penalties either.

20       Finally, Defendant calculates penalties pursuant to California Labor Code

21  § 2699(f) for meal/rest break violations. Assuming this penalty applies, then the total

22  PAGA penalties applicable to Plaintiff's claim is $5,100 ($100 for the first violation +

23  $200 each for 25 subsequent violations). Under PAGA, however, Plaintiff does not

24  recover all of this amount, but only 25 percent. Cal. Lab. Code § 2699(i). Thus, in

25  calculating the amount in controversy, courts have considered only the portion

26  recoverable by Plaintiff (*i.e.*, 25% of the total). *See Lopez v. Source Interlink Cos.*,

27  2012 U.S. Dist. LEXIS 44288, at *7 (E.D. Cal. Mar. 28, 2012); *Smith v. Brinker Int'l,*

28  *Inc.*, 2010 U.S. Dist. LEXIS 54110 (N.D. Cal. May 5, 2010); *Walker v. CorePower*

1   *Yoga, LLC*, 2013 WL 2338675, at *16 (S.D. Cal. May 24, 2013). Thus, the amount

2   actually recoverable by Plaintiff on his PAGA claim for meal/rest break violations is

3   $1,275 (25% of $5,100).

4           **(b)     *The Court should reject Defendant's request to aggregate***

5                       ***absent class members' potential PAGA penalties***

6           Based on the foregoing, the subtotal of the amount in controversy is no more

7   than between $19,348.95 – $27,197.55 and explains why Defendant argues for

8   aggregating Plaintiff's PAGA penalties with those of putative class members. This

9   method should not be accepted by the Court. As a general rule, multiple plaintiffs who

10  assert "separate and distinct" claims in a lawsuit may not aggregate their claims to

11  satisfy the jurisdictional amount. *Troy Bank of Troy, Ind. v. G.A. Whitehead & Co.*,

12  222 U.S. 39, 40 (1911), *Snyder v. Harris*, 394 U.S. 332, 335 (1969); *Gibson v.*

13  *Chrysler Corp.*, 261 F.3d 927, 943-44 (2001). This "anti-aggregation" rule applies

14  equally to class-actions, such that separate and distinct claims cannot be aggregated,

15  *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 301 (1973). At least one plaintiff in the

16  putative class must satisfy the $75,000 threshold *Exxon Mobil Corp. v. Allapattah*

17  *Servs., Inc.*, 545 U.S. 546, 549 (2005). There are exceptions to the "anti-aggregation"

18  rule, such as when several plaintiffs unite to enforce a single title or right, in which

19  they have a common and undivided interest. *Troy*, 222 U.S. at 40-41, *Snyder*, 394 U.S.

20  at 335.

21          The issue of how the amount in controversy is calculated in a PAGA action has

22  not yet been addressed by the Ninth Circuit. District Courts within the Ninth Circuit

23  are split on the issue. In *Zator v. Sprint/United Mgmt. Co.*, 2011 U.S. Dist. LEXIS

24  33383 at *2-5 (S.D. Cal. Mar. 29, 2011), the court held that for purposes of diversity

25  jurisdiction, PAGA penalties <u>cannot be aggregated for all employees</u> to reach the

26  $75,000 threshold. The court relied on *Gibson v. Chrysler Corp.*, 261 F.3d 927, 944

27  (9th Cir. 2001), which explained that "[a]ggregation is appropriate only where a

28  defendant owes an obligation to the group of plaintiffs as a group and not to the

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND TO STATE COURT

1   individuals severally." The Court held that aggregation should not apply in a PAGA
2   action because the underlying California Labor Code obligations are necessarily owed
3   to the individuals severally.

4           The court in *Pulera v. F&B, Inc.*, 2008 U.S. Dist. LEXIS 72659 at * 11-13 (E.D.
5   Cal. Aug. 19, 2008) reached the same conclusion. In *Pulera*, the court looked to the
6   basic canons of jurisdiction and relied in part on *Troy*, 222 U.S. at 40, which explained
7   that "[w]hen two or more plaintiffs, having separate and distinct demands, united for
8   convenience and economy in a single suit, it is essential that the demand of each be of
9   the requisite jurisdictional amount ... " *Troy* further explained that a common and
10  undivided interest arises when "neither [party] can enforce [the claim] in the absence
11  of the other." 222 U.S. at 41. Following *Troy*'s reasoning, the court in *Pulera*
12  explained that under PAGA, the LWDA has the right to enforce the claims itself,
13  regardless of the employee's involvement. *Pulera*, 2008 U.S. Dist. LEXIS 72659 at
14  *12-13. Thus, either party may enforce the claim at the option of the LWDA and the
15  amounts recoverable by plaintiff are separate and distinct from the amounts
16  recoverable by the LWDA. *Id*. Accordingly, the *Pulera* court held that the PAGA
17  penalties may not be aggregated.

18          Other courts have similarly evaluated solely an <u>individual's</u> PAGA claim – and
19  not aggregated the amounts due other employees – in determining the propriety of
20  meeting the amount in controversy for diversity purposes in a putative class action.
21  *See e.g.*, *Jimenez v. Menzies Aviation, Inc.*, 2013 U.S. Dist. LEXIS 50443 at *1, 4-5,
22  10-12 (N.D. Cal. April 8, 2013); *Hernandez v. Towne Park, Ltd.*, 2012 U.S. Dist.
23  LEXIS 86975, at *72-74 (C.D. Cal. June 22, 2012); *Gallegos v. Comerica Bank*, 2011
24  U.S. Dist. LEXIS 82735, *42-43 (C.D. Cal. July 27, 2011); *Walker v. CorePower
25  Yoga, LLC*, 2013 WL 2338675, at *17-19 (S.D. Cal. May 24, 2013).

26          Defendant's Notice of Removal relies on *Urbino v. Orkin Servs. Of Cal., Inc.*,
27  882 F. Supp. 2d 1152, 1158 (C.D. Cal. 2011) and *Thomas v. Aetna Health of Cal., Inc.*,
28  2011 WL 2173715, at *19 (E.D. Cal. June 2, 2011). Those cases, however, go against

1   the foregoing cases and are further distinguishable.  For example, in both *Urbino* and

2   *Thomas* the issue was "the method of calculating damages for a nonclass PAGA

3   action."  882 F. Supp. 2d at 1158 ("In [*Urbino*], the Complaint contains no allegations

4   suggesting that the PAGA claim is being brought as a class action … [Thus], the issue

5   of whether the case is removable under CAFA is irrelevant.  For a nonclass PAGA

6   action, as here, the issue is whether the amount in controversy may be calculated by

7   aggregating the civil penalties of all the aggrieved employees.")  In *Thomas*, the court

8   faced the same unique question.  *See Thomas*, at \*\*14-15.  Our case, however, has

9   specifically been brought as a class-action.  And as previously explained, CAFA

10  jurisdiction is lacking.  Plaintiff's individual claim should be viewed as his individual

11  claim and not aggregated with a class.  *See, e.g., Zahn v. Int'l Paper Co.*, 414 U.S. 291,

12  301 (1973); *Travelers Property Cas. v. Good*, 689 F. 3d at 722-34;  *See also Snyder v.*

13  *Harris*, 394 U.S. 332, 338 (1969).

14    Furthermore, the reasoning of *Thomas* is questionable.  In that case the court

15  relied heavily on *Eagle v. American Tel. & Tel. Co.*, 769 F.2d 541, 546-547 (9th Cir.

16  1985), in which the Ninth Circuit held that class claims for disgorgement in a

17  shareholder derivative suit were common and undivided such that aggregation was

18  appropriate to reach the amount-in-controversy threshold.  2011 WL 2173715 at \*16-

19  17.  In a shareholder derivative suit, the primary injury is sustained by the defendant

20  corporation and in fact the action is brought on behalf of the corporation because the

21  injury is to the corporation – not the shareholders.  *See Eagle*, 769 F.2d at 546-47.

22  Thus, the idea that a group of shareholders have a united interest in a common fund

23  under such circumstances is logical because the action is brought on the entity's

24  behalf; not on the shareholders' behalf.  Each shareholder could not bring their own

25  independent action for the underlying violation because the shareholders have suffered

26  no direct harm.

27    A PAGA action, however, is predicated upon a direct injury to the "aggrieved"

28  employee.  The injury is sustained by each "aggrieved" employee and to a different

1  extent (*i.e.*, the number of times the employee was a victim of a "violation").  Cal. Lab.

2  Code § 2699(f)(2).  While PAGA allows an aggrieved employee to recover a portion

3  of a civil penalty, it must be shared with the state agency (LWDA).  The state has not

4  suffered any harm.  The aggrieved employee is simply acting as a private attorney

5  general to collect a civil penalty that would otherwise not be available to him or her.

6  Thus, *Thomas*' reliance on a shareholder derivative action case does not hold up.

7  　　　　Furthermore, following *Thomas* will render CAFA's requirements superfluous

8  in the context of state law wage and hour claims, which almost regularly include a

9  PAGA claim.  This would necessarily mean that likely every state law wage and hour

10  class-action that fails to meet the CAFA amount in controversy threshold would need

11  only satisfy the significantly lower threshold under Section 1332.  This would render

12  CAFA's amount in controversy requirement nearly meaningless.  Thus, Plaintiff

13  submits that the Court should follow the reasoning in *Zator* and *Pulera*, and refuse to

14  aggregate the PAGA penalties for putative class members.  Plaintiff's individual

15  claims should be examined in the context of his individual claims.

16  　　　　　　**5.**　　**Attorneys' Fees**

17  　　　　Finally, Defendant calculates attorneys' fees by assuming 25% of the recovery

18  as a benchmark.  But potential attorney fee awards in a class action must also be

19  determined on a pro rata basis across the class for purposes of establishing the amount

20  in controversy.  *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982); *see*

21  *also Kessler v. Nat'l Enterprises, Inc.*, 347 F.3d 1076, 1080 (8th Cir. 2003).  Defendant

22  fails to take this into account.  Moreover, there is a split of authority as to whether the

23  total amount of fees likely to be incurred is to be counted, or whether the amount is

24  limited to fees incurred as of the time of removal.  *See Burk v. Medical Savings Ins.*

25  *Co.*, 348 F. Supp. 2d 1063, 1068-69 (D. Ariz. 2004).  In any event, even using

26  Defendant's "25% benchmark," given the amount in controversy that has been

27  established by a preponderance of the evidence ($19,348.95 – $27,197.55), then at best

28  attorneys' fee amount to an additional $4,837.24 – $6,799.39.

Based on the foregoing analysis, the following recap of the calculations demonstrates that the amount in controversy requirement simply is not met.

| CLAIM | DEFENDANT'S CALCULATION | PLAINTIFF'S CALCULATION |
|---|---|---|
| Meal/Rest Break Premiums | $14,329.80 – $21,549.90 | $14,329.80 – $21,549.90 |
| "Clawed Back" Wages | $3,582.45 – $5,387.48 | $1,194.15 – $1,822.65 |
| Inaccurate Wage Statements | 226(e) Penalties:  $2,550<br>226.3 Penalties:  $25,250 | 226(e) Penalties:  $2,550<br>226.3 Penalties:  No facts giving rise to such penalties at this time. |
| PAGA Wage and Hour Claims | On behalf of the entire class:<br>201(a) Penalties:  $535,500<br>226.3 Penalties:  $2,651,250<br>2699(f) Penalties:  $535,500 | On behalf of Plaintiff alone:<br>201(a) Penalties:  too speculative on current facts<br>226.3 Penalties:  not applicable (addressed above)<br>2699(f) Penalties:  $1,275 |
| SUBTOTAL | $3,767,962.25 – $3,776,987.38 | $19,348.95 – $27,197.55 |
| Attorneys' Fees | $941,990.56 – $944,246.85 | $4,837.24 – $6,799.39 |
| TOTAL | $4,709,952.81 – $4,721,234.23 | $24,186.19 – $33,996.94 |

1   III.   **CONCLUSION**

2           For the foregoing reasons, this Court lacks subject matter jurisdiction.

3   Accordingly, Plaintiff herein respectfully requests that this Court issue an Order

4   remanding the above-entitled civil action to the Superior Court of the State of

5   California for the County of Los Angeles.

6   DATED: July 17, 2013                    Respectfully submitted,

7

8                                           THE LAW OFFICES OF
                                            TIMOTHY B. McCAFFREY, JR.

9

10                                          By /S/ Natasha Chesler
                                            Natasha Chesler

11

12                                          Attorneys for Plaintiff
                                            Juan Perez

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND TO STATE COURT