TIMOTHY B. McCAFFREY, JR. (S.B. #192114)
NATASHA CHESLER (S.B. #227540)
THE LAW OFFICES OF TIMOTHY B. McCAFFREY, JR.
A Professional Corporation
11377 West Olympic Boulevard, Suite 500
Los Angeles, California 90064-1683
Telephone: (310) 882-6407
Facsimile: (310) 882-6359
E-Mail:  tmccaffrey@tbmlaw.net
         nchesler@tbmlaw.net

Attorneys for Plaintiff
Juan Perez

JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JUAN PEREZ, on behalf of himself and those similarly situated,<br><br>       Plaintiff,<br><br>       vs.<br><br>ALTA-DENA CERTIFIED DAIRY, LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>       Defendant. | CASE NO. CV13-04335 R (FFMx)<br><br>*Assigned to Hon. Manuel L. Real*<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO STATE COURT AND DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT**<br><br>Date:        September 16, 2013<br>Time:       10:00 a.m,<br>Courtroom:  8 |

1   Plaintiff Juan Perez's ("Plaintiff's") Motion To Remand To State Court and
2   Defendant Alta-Dena Dairy, LLC's ("Defendant's") Motion to Dismiss came on
3   regularly for hearing on Monday, September 16, 2013 at 10:00 a.m. before the
4   Honorable Manuel L. Real in Courtroom 8 of the above-captioned Court, located at
5   312 North Spring Street, Los Angeles, California.  This Court has considered the
6   pleadings and files in this action, the papers and documents filed on behalf of the
7   parties herein, and the oral argument presented at the hearing of this matter.
8        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:
9        Plaintiff's Motion For Remand To State Court is GRANTED.
10       Defendant has failed to establish its burden that jurisdiction pursuant to U.S.C.
11  28 § 1332(a) ("Section 1332(a)") is proper because it has failed to establish the
12  requisite amount in controversy.  In calculating the amount in controversy, the claims
13  of putative class members for penalties pursuant to the California Private Attorney
14  General Act ("PAGA") cannot be aggregated to establish the amount in controversy
15  for purposes of diversity jurisdiction under Section 1332(a).  *Urbino v. Orkin Svcs. of*
16  *Cal., Inc.*, --- F.3d ----, 2013 WL 4055615 at *1 (9th Cir. 2013).  Absent such
17  aggregation, at best Defendant here has established $44,000 in controversy.  Thus,
18  jurisdiction does not lie pursuant to Section 1332(a).
19       Defendant has also failed to establish that jurisdiction pursuant to 28 U.S.C.
20  § 1332(d) (the Class Action Fairness Act of 2005 ("CAFA")) is proper because CAFA
21  requires at least one non-diverse Defendant.  Here, however, all parties are California
22  citizens.  Plaintiff is a California citizen.  Defendant is a limited liability company with
23  its principal place of business in California.  Thus, Defendant is also a California
24  citizen under CAFA.  28 U.S.C. § 1332(d)(10); *Ferrell v. Express Check Advance of*
25  *SC LLC*, 591 F.3d 698, 700 (4th Cir. 2010).  Thus, CAFA jurisdiction does not lie.
26       The Court orders the entire action to be REMANDED to state court pursuant to
27
28

1      28 U.S.C. § 1447(c).

2      The Court further denies the Defendant's motion to dismiss as moot.

3      IT IS SO ORDERED.

4

5  DATED: Sept. 19, 2013

6

7                                              _____
8                                              Honorable Manuel L. Real
                                               Judge of the United States District Court
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28